UNION BANK OF BROOKLYN v. MANDEL et al.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. BILLS AND NOTES (§ 519*)—INDORSEMENT—SUFFICIENCY OF EVIDENCE.
    In an action on a note, evidence *held* to sustain a finding that defendant was an indorser thereon.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1802; Dec. Dig. § 519.*]

2. EVIDENCE (§ 594*)—WEIGHT AND SUFFICIENCY.
    While the jury may not disregard the unimpeached, uncontradicted testimony of a party or his witness, oral testimony may be as effectively disputed by obvious facts as by words.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

Appeal from Trial Term, Kings County.

Action by the Union Bank of Brooklyn against Louis Mandel and others. From a judgment for plaintiff and from an order denying a motion for new trial, Edward Mandel, one of defendants, appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, and RICH, JJ.

Max H. Newman, for appellant.
Louis Burstein, for respondent.

WOODWARD, J. The plaintiff brings this action to recover the sum of $900 and interest on an unpaid promissory note dated December 6, 1907. The maker of this note, Louis Mandel, and his indorsers, Ester Mandel and Samuel Schlesinger, do not appeal from the judgment. Edward Mandel, whose name appears among the indorsers, set up two defenses; one that his name appears upon the paper as a witness to the signature of his mother rather than as an indorser, and the other that he was under 21 years of age at the time of the indorsement. The issues thus raised by the pleadings were made the subject of inquiry on the trial, and the jury has found in

favor of the plaintiff on both questions. Edward Mandel appeals from the judgment, and from an order denying a motion for a new trial.

We are of the opinion that the evidence on the question of the indorsement fully justified the jury in holding that the defendant was an indorser. There was nothing upon the face of the paper to show that the signature was not that of an indorser, and the defendant himself testified that he did not call the attention of the plaintiff's officers in any way to the limited purpose of his signature. The note in question was a renewal note of two previous ones, which had been indorsed by Ester Mandel by her mark, witnessed by other persons. Edward Mandel testifies that he signed his mother's name to this note without her mark, and that he intended to sign his own name as a witness for his mother; but his signature does not immediately follow that of his mother, and, the plaintiff having taken the note with no explanation of the purpose of his signature, it had a right to assume that it had the indorsements which it carried.

Upon the question of infancy, the defendant testified that he was born on the 19th day of March, 1887. His mother likewise testified to the same date, and this would have made him under 21 years of age at the time of his indorsement. There was no documentary evidence as to his age, and neither of the witnesses was quite clear as to dates on the cross-examination, and while it may be said that the evidence, so far as the record shows, is undisputed upon this issue, it should be remembered that the defendant was himself before the jury, and that that body not only had the advantage of hearing the testimony, but of seeing the witnesses. If the defendant had appeared to the jury as a man of mature years, and the age and condition of the mother had been such as to make improbable the testimony, the jury was not bound to believe them. It is true, of course, as suggested in appellant's brief, with an array of authorities, that the jury has no right to disregard the unimpeached, uncontradicted testimony of the defendant and of his witness, Ester Mandel, and there is no reason for holding in this case that this has been done. Oral testimony may be disputed by obvious facts quite as effectively as by words. The very conduct of a witness may be such as to make it impossible to believe even the most positive declarations, and the object of a submission to the jury is that the average judgment of men of experience in various walks of life may be brought to bear upon the credibility of witnesses. The testimony is to be weighed in connection with the known facts of everyday life and the common experiences of mankind; and this is clearly the doctrine of the authorities cited by the appellant. Berzevizy v. D., L. & W. R. R. Co., 19 App. Div. 309, 313, 46 N. Y. Supp. 27; Albrecht v. N. Y. C. & H. R. R. Co., 54 App. Div. 636, 637, 66 N. Y. Supp. 605.

The learned trial court instructed the jury, without objection, that:

"You are not bound to take the statement of the boy and his mother as to his age and the date of his birth, if it does not appear to you to be truthful; but you cannot reject that testimony arbitrarily; you must have something in your minds to justify the rejection of the testimony, if you reject it."

This became the law of the case by consent of the parties, and that the jury considered the evidence in the case is made manifest by the record, which shows that after the jury had been out for some time it returned to the courtroom for the purpose of having the stenographer read over the testimony of Edward Mandel, the appellant, and his mother, upon this very point.

The judgment and order appealed from should. be affirmed, with costs.   All concur.