GUERIN MILLS, INC., Plaintiff, *v.* WILLIAM S. BARRETT, Defendant.

Supreme Court, New York County, April 30, 1929.

*Alger & Coughlan,* for the plaintiff.

*Scudder, McKoun, Stockton & Kerfoot,* for the defendant.

TOWNLEY, J.    Action by plaintiff to recover upon a judgment rendered in the Superior Court of the State of Rhode Island in favor of plaintiff's assignor for $1,540.57.

Defendant contends that the Rhode Island court did not acquire jurisdiction, and that said judgment is void, on the ground that there was no proper service of process for the reason that, prior to April, 1921, the appointment of the person upon whom process was served as its statutory agent had been revoked by defendant. In the Rhode Island litigation this defendant appeared specially and contested the validity of such service and the jurisdiction of that court upon the same ground as urged here, but the Superior Court of Rhode Island held the service valid and sustained its jurisdiction under the Rhode Island statute (General Laws of Rhode Island 1909, chap. 189).    Defendant took no appeal, failed to appear generally or answer, and the judgment now sued upon resulted from defendant's default.

While the full faith and credit clause of the United States Constitution does not prevent a judgment by a court of a sister State from being impeached for want of jurisdiction over the subject-matter, or of the parties, or for fraud, the final decision of a court of general jurisdiction of a sister State construing one of its own statutes, and its determination that by proper and valid service of process it acquired jurisdiction, should be accepted as controlling, unless in clear conflict with those fundamental principles which have been established in our judicial system for the protection and enforcement of private rights.    It is plainly evident that the Rhode Island statute here in question, fairly and reasonably construed, required the designation of a statutory agent upon whom process could be served in suits growing out of transactions within the State until the same were barred by the Statute of Limitations.    In accord with fundamental principles of justice the purpose of such statute, like other kindred statutes enacted in various States, was " that foreign corporations engaging in business within its limits shall submit the controversies growing out of that business to its courts, and not compel a citizen having such a controversy to seek for the purpose of enforcing his claims the State in which the corporation has its home."    (See *Mutual Reserve Fund Life Assn.* v. *Phelps,* 190 U. S. 147, 158, BREWER, J.)

I consider the service of process was sufficient to bring the defendant into court and the Rhode Island judgment is valid.    Verdict

directed for the plaintiff for $1,540.57, with interest as claimed in the complaint. Exception to defendant. Motion to set aside verdict and for a new trial will be deemed to have been made, and the same is denied, with exception to defendant. Thirty days' stay; sixty days to make a case.

Clerk is directed to enter judgment accordingly.