FLATBUSH CHESTER CORPORATION, Plaintiff, *v.* CLEMENT D'OSOIE, Defendant.

Municipal Court of New York, Borough of Brooklyn, Sixth District, March 19, 1940.

*Joseph Petchesky,* for the plaintiff.

*Anthony Cinao,* for the defendant.

RUVOLO, J.   The defendant herein moves to vacate the judgment rendered against him in this action on September 23, 1932, on an inquest taken on the same day, for two reasons:

1. That the summons herein was never served on the defendant, and

2. That the papers on file are so patently defective as to be insufficient to vest the court with jurisdiction to render such a judgment.

To disturb a judgment of eight years' standing is a serious matter and I have given the application some serious consideration.

Considering the second objection first, I find that the affidavit of service of the summons on file with the papers in this action is defective in that the signature of the officer administering the oath to the alleged process server, is missing.   Instead of his signature there is first an imprint of the officer's stamp immediately below the jurat but his signature is totally lacking.

The defendant contends that this omission is so important as to vitiate the entire proceedings and that the judgment entered on this is void.

With this contention I am in accord.

Section 22 of the Municipal Court Code provides:

" 2. Proof of service shall be made by the certificate of the marshal or by the *affidavit* of the person by whom the service was made; and such certificate or affidavit shall be indorsed upon or annexed to the summons or precept."

From this it follows that if no such certificate or affidavit is made or annexed to the summons or precept, the statute has not been complied with.

Now one of the essential elements of an affidavit, the th'ng which in fact distinguishes it from every other declaration, is the jurat by which the statement is given the character of truthfulness so essential to the proper administration of justice. Hence if this paper lacks a jurat it is not an affidavit. But a jurat which lacks the signature of the officer administering the oath is no jurat at all, because the signature is precisely the thing that makes the jurat. It must follow, therefore, that the paper purporting to be the affidavit of service of the summons in this action annexed to the summons is not an affidavit within the meaning of the statute and the proceeding is defective.

The question now arises whether such a defect is sufficient to vitiate the judgment and when we consider that the entire jurisdiction of the Municipal Court is of pure statutory creation, we are forced to the conclusion that the failure to comply with a specific statutory requirement breaks the chain of requirements upon which the judgment depends, and the judgment is forced to fall.

The judgment in this action, therefore, is invalid. The next question is, can this invalidity be cured?

The plaintiff points to section 93 of the Municipal Court Code as giving the court ample authority to make amendments and corrections, but this section does not give the court the right to supersede or disregard positive statutory requirements. If it did, the court could increase its jurisdictional powers appreciably. It does not give the court any right to obviate the necessity of filing an affidavit of service any more than it gives the court the right to obviate the necessity of filing the summons itself. We are not dealing here with a mere defect of form or incidental error or omissions; we are dealing with a failure to comply with a specific legislative requirement.

I am aware of many reported cases in which defects analogous to the instant case have been rectified by the courts; none of these reported cases, however, has been a Municipal Court case and therein lies the difference, because we have no power other than that granted to us by the Code, while other courts have many

powers inherent in their constitution or inherited from the common law beyond the limits of the laws, which either serve to define or restrict their jurisdictions.

Since I hold, therefore, that the judgment is fatally defective because of the failure to file an affidavit of service of the summons, it will be unnecessary to pass upon the other objection, viz., that the summons was not properly served.   Motion granted.