BENJAMIN SCHNEIR and Others, Copartners, Doing Business as ROYAL TEXTILE Co., Appellants, *v.* CHARLES TISHMAN and BEN BOUCHNER, Copartners, Doing Business as M. P. S. TRUCKING COMPANY, Respondents.

Supreme Court, Appellate Term, First Department, April 16, 1941.

*I. J. Kirschenbaum*, for the appellants.

*George Mutterperl*, for the respondents.

MILLER, J. Defendants, non-residents, were formerly engaged in the motor trucking business as copartners, doing business as M. P. S. Trucking Company. They operated in interstate com-

merce pursuant to authority granted to them by the Bureau of Motor Carriers of the Interstate Commerce Commission. To obtain the necessary certificate of convenience from the bureau defendants were, among other things, required to comply with subdivision (c) of section 221 of the Motor Carrier Act of 1935 (U. S. Code, tit. 49, § 321, subd. [c]), which provides that

" (c) * * * Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and postoffice address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."

Defendants accordingly filed a designation with the Bureau of Motor Carriers, naming one Barney Shapiro as their agent to accept service of process on their behalf in the city of New York.

On August 7, 1939, plaintiffs delivered to defendants, in New York city, a carton of merchandise which the latter were directed to deliver to a designated consignee at Newark, N. J. The carton never having been delivered, plaintiffs instituted this action to recover from defendants the sum of $186.89, the value of the merchandise contained in the lost carton.

Service of the summons was made on July 19, 1940, by delivering to, and leaving personally with, defendants' designated agent, Barney Shapiro, a true copy thereof. Defendants having failed to appear or answer, an inquest was taken and judgment entered against them by default on August 21, 1940.

Defendants moved to vacate the judgment entered and to set aside the service of the summons on the grounds that service had not been made personally on the defendants; that the designation was no longer in existence at the time of the alleged service, and the affidavit of service was defective by reason of the fact that therein it is stated that service had been made on " Charles Tishman, etc." The motion was granted.

To sustain the order appealed from respondents cite *Kuris* v. *Pepper Poultry Co., Inc.* (174 Misc. 801) In that action service of process on defendant, a foreign corporation, was made pursuant to the provisions of the Federal statute, and it was held that compliance with the laws of New York as to service of process upon foreign corporations is essential to jurisdiction in actions brought in this State against such corporations; that the intent of Congress was to restrict the act to the regulation of commercial practices

involved in motor transportation, rather than to make it applicable to other considerations; that the person designated to accept service of process in the *Kuris* case did not come within the purview of subdivision 2 of section 229 of the Civil Practice Act; that the policy of the State as expressed in the State laws was controlling and excluded any other mode of service.

That the policy of the State as expressed in its statutes governing the service of process, and the method prescribed by the Federal act under consideration is not included therein is no valid objection here. The regulation of interstate commerce by Congress is concerned not merely with the commercial practices involved in motor transportation but to " foster, protect, control and restrain, with appropriate regard for the welfare of those who are immediately concerned and of the public at large." (*Second Employers' Liability Cases*, 223 U. S. 1, at p. 47.)

As the court further states in those cases (p. 57):

" The suggestion that the act of Congress is not in harmony with the policy of the State, and therefore that the courts of the State are free to decline jurisdiction, is quite inadmissible, because it presupposes what in legal contemplation does not exist. When Congress, in the exertion of the power confided to it by the Constitution, adopted that act, it spoke for all the people and the States, and thereby established a policy for all. That policy is as much the policy of Connecticut as if the act had emanated from its own Legislature, and should be respected accordingly in the courts of the State. As was said by this court in *Claflin* v. *Houseman*, 93 U. S. 130, 136, 137:

" ' The laws of the United States are laws in the several States, and just as much binding on the citizens and courts thereof as the State laws are. The United States is not a foreign sovereignty as regards the several States, but is a concurrent, and, within its jurisdiction, paramount sovereignty.' "

The legislation sustained in those cases was not, as here, mere procedural or adjective but substantive legislation materially changing existing law in respect of contributory negligence and assumption of risk in personal injury cases within the scope of the statute (See, also, *Central Vermont Ry. Co.* v. *White*, 238 U. S. 507, 512; *Sibbach* v. *Wilson & Co.*, 312 id. 1; *Fitzpatrick* v. *International R. Co.*, 252 N. Y. 127, 136.)

There would be little or no protection to or regard for the welfare of a shipper if under the laws of his domicile he were required to secure redress in a distant State for the conversion of his goods or other wrong by the motor carrier. (See *Huber* v. *Wilson*, 23 Tenn. App. 109; 126 S. W. [2d] 893.)

Further, by filing the prescribed designation in this instance defendant may be deemed to have consented to the service of process on the person designated as conferring jurisdiction of the court below over defendants. (Vehicle and Traffic Law, § 52; *DeDood* v. *Pullman Co.*, 57 F. [2d] 171.) Consent given by a resident of New York as to future arbitration under foreign process provided for by act of the British Parliament has been sustained. (*Gilbert* v. *Burnstine*, 255 N. Y. 348.)

As the service was actually made a defect in the proof thereof, due to the statement that it was made on " Charles Tishman, etc.," was not fatal to jurisdiction (*Lambert* v. *Lambert*, 270 N. Y. 422, 427), and the claim of defendants that they had transferred their business to another concern at the time of service is immaterial. (*Guerin Mills, Inc.*, v. *Barrett*, 134 Misc. 256; affd., 228 App. Div. 609.)

Order reversed, with ten dollars costs, and motion denied, with ten dollars costs.

All concur. Present — McCOOK, SHIENTAG and MILLER, JJ.