GERUT et al. v. POE et al.
No. 50 C 449.

United States District Court,
N. D. Illinois, E. D.
Feb. 7, 1951.

282

area to points and places in the State of Iowa, induced the plaintiffs to enter into the contract" as a solicitor of motor freight business for defendants.

A summons was issued against the defendants and served in Chicago, Illinois, on R. Paul Neff. The return of the marshal reads: Served this writ together with copy of complaint, on the within named O. E. Poe, one of the co-partners doing business as P & W Truck Line by delivering copies thereof Paul Neff, Dispatcher in person, this 4 day of April, A.D. 1950 and at the same time informing him of the contents thereof.

Defendants, O. E. Poe and George H. Wolter have filed a motion to quash this service of summons on the ground (1) R. Paul Neff is not and was not at the time of service an officer, managing or general agent authorized by appointment or by law to receive process on behalf of the defendants, and (2) no service was had upon either defendant. Plaintiff contends that Neff was an agent authorized under the Motor Carrier Act, 49 U.S.C.A. Section 321(c), to receive such summons.

Section 321(c) reads as follows: "Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."

The defendant partnership has failed to make a designation of a person upon whom process may be served.

Two affidavits have been submitted by the defendants; that of R. Paul Neff wherein he avers that he is not employed or paid by defendants but by A. M. Keith, and that of A. M. Keith stating his relationship to defendants to be as solicitor

Barrett, Barrett, Costello & Barrett, Chicage, Ill., for plaintiffs.

Eckert, Peterson & Leeming, Chicago, Ill., for defendants.

LA BUY, District Judge.

Plaintiffs, residents of Illinois, bring this action to recover damages for breach of written contract. Defendant partners are citizens of Iowa. The defendant partnership is authorized by the Interstate Commerce Commission to transport freight between Chicago, Illinois and the State of Iowa and in this connection the plaintiff alleges that defendants "being desirous of obtaining freight shipments from Chicago, Illinois and its commercial

of motor freight business for defendants, that he is the employer of Neff and pays his salary, that he, Keith, is governed by a contract with defendants dated December 14, 1949, and that he is not an officer or managing agent of the defendant. Plaintiff has introduced as an exhibit a Memorandum of Equipment Lease Agreement between O. E. Brubaker and P & W Truck Line for certain equipment for one trip from the Chicago commercial zone to Ottumwa, Iowa, which bears the name P & W Truck Line and is signed by R. P. Neff at the Chicago Terminal on the line above the word lessee.

▮▮ Rule 4(d)(3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that personal service shall be made as follows: "Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

Cyclopedia of Federal Procedure, Vol. 4, page 161, Sec. 967 states: " * * * But Rule 4(d)(3) does not purport to determine what partnerships are subject to suit in this manner, and service upon the managing agent of a partnership is effective only if the partnership is subject to suit in a common name under appropriate local law. That question must be determined by recourse to Rule 17(b)."

Rule 17(b) of the Federal Rules provides: "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United states, * * *."

It thus appears that the capacity of defendant co-partners to be sued is to be determined by the law of Illinois. In Illinois a partnership is not a legal entity apart from the individual members and in order to sue a partnership it is necessary to sue and serve all the partners. Lewis v. West Side Trust & Sav. Bank, 1941, 377 Ill. 384, 36 N.E.2d 573. Former Section 13 of the Practice Act of 1907 providing for service of summons on non-resident partners has been replaced by Section 140 of the Illinois Practice Act (Ch. 110, Smith Hurd Ann.Stats.). Except for Section 13 of the 1907 Practice Act there was and is no provision for substituted service on a partnership.

▮▮ Rule 4(d)(1), however, permits personal service upon a defendant to be made by delivering a copy of the summons and of the complaint to an agent deemed by law to have sufficient authority to receive service of process. This section reads:

"(d) Summons: Personal Service. * * * Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, * * * by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

A motor carrier under the Motor Carrier Act means any person (individual, firm, copartnership, corporation, company, association or joint stock association) that engages in interstate transportation by motor vehicle. The purpose of the section requiring a motor carrier to designate a person in each state in which it operates

upon whom process issued under authority of any court having jurisdiction of the subject matter may be served is that of enabling residents of the state or of other states transacting business by motor carrier in the particular state to enforce their rights in contract or tort in courts of competent jurisdiction. Davies v. Mahanes, D.C.Md.1949, 88 F.Supp. 550, affirmed 4 Cir., 183 F.2d 671.

There is nevertheless an apparent conflict between Illinois law and the federal statute as to method of service of process on a partnership. The question is therefore whether the federal act overrides state policy. Judge Nordbye in Madden v. Truckaway Corporation, D.C.Minn.1942, 46 F.Supp. 702, 705, stated the principle as follows: " * * * It is elementary that every State within its own sphere of action has exclusive rights to provide the method by which its courts may obtain jurisdiction over the person or res. The only jurisdiction which Congress has attempted to exercise over this defendant is in regard to matters arising out of and in connection with its interstate transportation as a motor carrier. It is an entirely reasonable and necessary presumption, therefore, that, when Congress enacted the process statute, it only intended to provide means whereby the defendant could be made amenable to process in matters concerning which Congress had assumed jurisdiction under the Federal constitution."

See also Schneir v. Tishman, N.Y.Sup. Ct., 1941, 176 Misc. 427, 27 N.Y.S.2d 728. In each of the cited cases, however, a designation of agent had been made by the carrier and there was express consent to be sued. In the instant case, no such voluntary consent exists. The court is confronted with an implied consent by virtue of the partnership doing business within the state of Illinois. Of prime import in such a situation is the question whether the method of service followed makes it reasonably certain that the defendant will be notified of the pendency of the action.

The court is of the opinion the present action on a contract affecting the interstate transportation of motor freight is within the purview of the federal statute. Further, the duties and activities of Neff in connection with the defendants' business, as disclosed by his testimony and the exhibit, are such as to classify him as a person with sufficient authority to receive process on behalf of the defendants.

An order has this day been entered overruling the motion to quash service of summons and giving the defendants 20 days in which to answer.