D. Ormonde Ritchie, J.
Defendants made this motion to vacate and set aside the summons and complaint, the default judgment of foreclosure and the sale held pursuant to said judgment on the following grounds: (1) That the summons and complaint was never served upon either defendant; (2) that the affidavit of the process server who allegedly served them was defective; (3) that the publication of the notice of sale was *132 defective; (4) that the five days’ notice of the application for the judgment of foreclosure and sale was not served upon the defendants; (5) that the defendants were not in default in their mortgage payments and (6) that the posting of the notice of sale was defective.
As to item 1, the court has held a hearing at which witnesses were sworn and after a review of the evidence it finds that both defendants were personally served with the summons and complaint on June 13, 1955, at No. 3 Floral Drive, Amityville, Suffolk County, New York.
As to item 2, while it is true that subdivision 3 of rule 53 of the Rules of Civil Practice requires that the affidavit of service, among other things, should state the particular place of service, nevertheless this is a mere irregularity and not a jurisdictional defect and hence amendable. In any event upon the hearing the process server testified that he had served the defendants at their home address aforementioned.
Item 3 is also untenable. The affidavit of the principal clerk of the Long Island Sun reveals that the notice of sale was published in that newspaper for six consecutive weeks and that the sale was scheduled to take place on the 43rd day after the date of the first publication. Furthermore, the notice of sale to which a notice of adjournment was appended was published in the same newspaper for three consecutive weeks preceding the adjourned sale date. As to item 4, no notice of application for judgment was necessary in this situation. Rule 190 of the Rules of Civil Practice has no application to foreclosure actions (Jaliz Hldg. Corp. v. McGill, 282 App. Div. 893). Rule 257 of the Rules of Civil Practice which does apply to foreclosure actions clearly indicates that no notice of application for judgment is necessary except as to those defendants who have appeared in the action.
From the motion papers before me it is perfectly obvious that item 5 has no substance to it.
As to item 6, the filed papers reveal that subdivision 1 of section 712 of the Civil Practice Act was not complied with. The notice of sale was not posted in three public places in the town where the property is situated. Inasmuch as the omission is a jurisdictional defect the sale was void (Rochester Sav. Bank v. Stoeltzen & Tapper, 176 Misc. 147; Welhaven v. Kohn, 257 App. Div. 744, affd. 282 N. Y. 705).
Accordingly, the -sale is vacated and set aside. In all other respects, the motion is denied.