Daniel E. Macken, J.
This action is for a judgment declaring invalid a judgment of a Mexican court divorcing the plaintiff and the defendant Howard E. Chittenden, declaring that the subsequent marriage of the defendants is invalid, and that plaintiff’s marriage to the defendant Howard E. Chittenden is still in full force and effect.
Subsequent to the alleged divorce the defendant Howard E. Chittenden married the defendant Marion Katherine Bagley (Smithwick), (hereafter called Bagley), in Rhode Island. One child has been born to the defendants since their marriage.
The present action was originally commenced against the defendant Howard E. Chittenden only, by personal service of the summons and complaint in the State of Pennsylvania pursuant to section 235 of the Civil Practice Act. A supplemental summons and amended complaint were served upon the defendant Bagley, personally, in the State of Pennsylvania on July 28, 1964 pursuant to CPLR 314.
*348 This motion is to dismiss the complaint and the amended complaint on the ground that the court has not acquired jurisdiction and on the further ground that the infant daughter of the defendants is a necessary party to the action. Specifically, the defendants contend that this action, by reason of its nature, may not be commenced by service pursuant to CPLR 314 or section 235 of the Civil Practice Act. It is apparent that this contention was made in reliance on cases decided prior to the amendment of subdivision 1 of section 232 of the Civil Practice Act, effected by chapter 486 of the Laws of 1958, specifically making the section applicable to such actions. The latter amendment, however, was made applicable only to foreign actions in which the New York resident did not appear. Since the papers presented on the motion presented an issue as to whether this plaintiff had appeared in the Mexican proceeding, a hearing has been had to resolve that issue. Upon the hearing, it appeared that the alleged judgment of divorce was based on an alleged application for a divorce by mutual consent purporting to have been signed by this plaintiff and the defendant Chittenden in Mexico on August 15, 1962. The judgment further recites that these parties appeared personally before the court on September 7, 1962 and that thereafter the decree of divorce was granted.
I find that the purported signature of plaintiff, Jerry Lou Chittenden, appearing on the application is, in fact, not the signature of the plaintiff, and I further find that this plaintiff at no time appeared in the Mexican court either personally or in any other manner. I therefore conclude that service on the defendant, Howard E. Chittenden, was properly made pursuant to sections 232 and 235 of the Civil Practice Act.
Although not raised by the defendants, the court, on examination of the original file in the Monroe County Clerk’s office, has ascertained that proof of service on the defendant Chittenden has not been filed as required by section 235 of the Civil Practice Act, This omission is not jurisdictional and may be corrected. (Winter v. Winter, 256 N. Y. 113, 116; Lambert v. Lambert, 270 N. Y. 422, 427; Ange v. General Crushed Stone Co., 262 App. Div. 553, 554: City Bank Farmers Trust Co. v. Pleasonton, 51 N. Y. S. 2d 672; Molyneaux v. Sevilla, 22 Misc 2d 450; Gordon v. Gordon, 17 Misc 2d 734.)
With respect to the defendant Bagley, the defendants contend that, as against her, the action is in personam and that, not being a domiciliary of this State, she may not be served without the State pursuant to CPLR 314. From the uncontradicted affidavits submitted on the motion, I find that the defendant Bagley, at the time of the commencement of this action, was not *349 a domiciliary of this State. This question was raised in Carlson v. Carlson (9 A D 2d 864) and the Appellate Division of this Department at that time declined to determine it. The briefs in the Carlson case were directed to an ascertainment of the intent of the Legislature in enacting the 1958 amendment of section 232 of the Civil Practice Act. In her brief in that case, the subsequent spouse Isabelle Carlson contended that, were the amendment construed to enlarge the jurisdiction of the courts of this State to include nonresidents who had never been residents, the statute to that extent would be unconstitutional. An examination of the memorandum of then Assemblyman Malcolm E. Wilson, found in the 1958 New York State Legislative Annual at page 26, reveals that such was the precise purpose of the amendment. Mr. Wilson wrote: “ This bill amends, the Civil Practice Act to permit service by publication in an action to render a nullity a foreign decree of divorce involving New York State residents. At the present time a New York State resident whose spouse has left the State of New York to obtain a foreign divorce without the consent of the spouse remaining in New York may bring a proceeding in the New York State courts for a declaratory judgment, declaring the divorce to be a nullity. However, in many instances the New York resident who obtained the foreign divorce immediately remarries outside the State of New York. The courts have held that in this instance the second spouse is a necessary party to the proceeding for a declaratory judgment and must be served. The only provision for service now in such an instance is personal service — which cannot be effected so long as this second spouse remains outside the State of New York. Therefore, the matter may not be determined by the. New York courts since all the necessary parties have not been made parties to the action. In this way the errant spouse effectively bypasses any determination by the New York courts regarding the validity of his foreign divorce and his subsequent marriage to the detriment of the New York resident who remains in the State. This bill is designed to eliminate this situation by allowing to New York residents suing in this state to obtain jurisdiction over the necessary parties by service by publication.”
This action insofar as it seeks to declare the Mexican divorce invalid, is a proceeding in rem. “In matrimonial actions the ‘ res ’ is the marital status of a resident of the State, and to the extent that the purpose of the action is to alter or affect that matrimonial status, the action is a ‘ proceeding substantially in rem ’ where ‘ substituted service by publication or in any other authorized form ’ is sufficient notice to answer the require *350 ment of 1 due process ’ as formulated in Pennoyer v. Neff [95 U. S. 714].” (Geary v. Geary, 272 N. Y. 390, 399.) Certainly, the action affects plaintiff’s matrimonial status. The defendant Bagley is a necessary party to this in rem proceeding so that she may, if she choose, defend the action on the merits. It does not seem to me that this circumstance makes the action as to her in personam.
I conclude that service on the defendant Bagley was properly made pursuant to CPLR 314. It is to be noted that the amendment of section 232 of the Civil Practice Act under which service was made on the defendant Chittenden referred only to an action to declare the nullity of a foreign divorce. By the definition of “matrimonial action” contained in CPLR 105 (subd. [m]), service may be made under CPLR 314 in an action for a declaration of the nullity of a void marriage, for a declaration of the validity or nullity of a foreign judgment of divorce, and for a declaration of the validity or nullity of a marriage. My decision is confined to holding that service on both defendants is effective as to that part of the action which asks for judgment declaring the Mexican divorce invalid. I do not undertake to determine at this time whether the additional relief sought, declaring the marriage of the defendants void (Domestic Relations Law, § 140) and the marriage of plaintiff to the defendant Chittenden still valid, may be obtained by service in the manner here effected.
No authority has been brought to my attention indicating a requirement that the child of the alleged marriage between the defendants be made a party to this action, and I see no reason for such requirement.
The motion is denied as to both defendants, without costs.
The order may provide that plaintiff be permitted to file proof of service of the summons and complaint on the defendant Howard E. Chittenden within 10 days after the entry of the order herein and that each defendant may answer within 30 days after service on defendants ’ attorneys of notice that such proof of service had been filed.