Abraham N. Geller, J.
This is an action stated as for annulment, although, more properly, an action pursuant to section 140 of the Domestic Relations Law to declare the nullity, of the marriage of defendants, brought by the former wife, a resident of this State. Her complaint alleges that her husband obtained an invalid Mexican divorce and subsequently married the codefendant.
The second wife, served with the summons and complaint at her home in New Jersey, moves to dismiss the complaint as against her on jurisdictional grounds. Following the Mexican divorce, defendants were married in Connecticut in December, 1962, the marriage certificate stating that they were both residents of this State. They thereafter took up residence in New Jersey and have been domiciled there to the present day. The husband, whose place of business is in this city, was served here.
Service was made without the State upon the second wife *1051 pursuant to CPLR 314 (subd. 1), “ in a matrimonial action”, which includes an action to declare the nullity of a void marriage (CPLR 105, subd. [m]).
But, where a defendant is a nondomiciliary of this State, service by publication or without the State for in rem jurisdiction is constitutionally permissible only if the res is within the State when jurisdiction is assumed. “ In matrimonial actions the ‘ res ’ is the marital status of a resident of the State, and to the extent that the purpose of the action is to alter or affect that matrimonial status, the action is a ‘ proceeding substantially in rem ’ where 1 substituted service by publication or in any other authorized form ’ is sufficient notice to answer the requirement of ‘ due process ’ as formulated in Pennoyer v. Neff [95 U. S. 714].” (Geary v. Geary, 272 N. Y. 390, 399.)
Williams v. North Carolina (317 U. S. 287, 325 U. S. 226) enunciated the principles underlying the basic concept of the dependency of jurisdiction in matrimonial actions upon domicile within the State of a party whose marital status is the subject matter of the action. Under our system of law, jurisdiction in matrimonial actions is founded on domicile and, so far as State power is concerned, that would include a domicile later acquired by a party to a marriage wheresoever contracted and even after such party had wrongfully left the matrimonial domicile where the spouse still resided. Each State, by virtue of its command over its domiciliaries, can alter the marriage status of a spouse domiciled there, even though the other spouse is absent. Such a decree must constitutionally be given full faith and credit if the domicile is bona fide and the form of substituted service meets the requirements of due process.
It should be noted, however, that this action by a former spouse to declare invalid the subsequent marriage of her husband and his second wife is not the traditional annulment or matrimonial action where the spouses are the parties plaintiff and defendant. It is the marital status of defendants, not of plaintiff, her interest in the question notwithstanding, which is sought to be altered by the judgment requested by plaintiff. Their marital status is the res involved in this action. That res, founded on their domicile, was not within the State when jurisdiction was attempted to be acquired by service without the State upon the second wife.
Subdivision 3 of section 230 of the Domestic Relations Law, formerly subdivision 3 of section 1165-a of the Civil Practice Act, authorizes an action to declare the nullity of a void marriage to be brought “ Where the parties were married without the state” when “ either the plaintiff or the defendant is a *1052 resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action.” This section applies where the marital res is that of the plaintiff and his or her spouse in the traditional type of matrimonial action. But it would be unconstitutional to apply it where the action is brought by the former spouse and jurisdiction is attempted to be asserted against a nondomiciliary to alter her marital status on the basis of constructive service (Gray-Lewis v. Gray-Lewis, 5 A D 2d 238). Though the CPLR broadened somewhat the types of matrimonial actions in which service by publication or without the State was authorized, such reclassification can have no effect upon this constitutional principle.
Accordingly, the motion of the second wife to dismiss this complaint as against her must be granted. The fact that, at the time of their marriage, defendants were residents of this State, and that this is an action to declare the nullity of their marriage, might seem to indicate by relation backward to that event and their then domicile that this State has jurisdiction to alter their marital status in a suit brought by the former spouse. But the concept underlying Williams v. North Carolina (supra), is that the marriage and marital status must be regarded as moving into any State where both spouses or either .spouse establishes a bona fide domicile. It is the domicile when jurisdiction is assumed which is controlling under the full faith and credit clause wheresoever the marriage was contracted.
The fact that the husband was served personally within the State and is bound by the action cannot affect the right of the second wife to assert this State’s lack of jurisdiction over her. Moreover, as noted in Gray-Lewis (supra, p. 240) her presence in this action “ is not essential to a complete disposition of the case ” as against the husband.
It may also be pointed out that valid jurisdiction by constructive service upon the second wife could be acquired with respect to a second cause of action, added in an amended complaint, to declare the nullity of the Mexican divorce procured by the husband (Chittenden v. Chittenden, 46 Misc 2d 347). As to such a cause of action the marital status affected is that of plaintiff and her husband and plaintiff’s domicile in this State is a sufficient constitutional basis for in rem jurisdiction against the second wife.