Tony Mancuso, J.
This is a motion to set aside a default judgment on the grounds of lack of jurisdiction under CPLR 5015 (subd. [a], par. 4).
The plaintiff entered judgment in the above matter upon a default of the defendant. The affidavit of service of the summons and complaint states that ‘ ‘ Def. could not be contacted after 20 attempts to serve personally by depositing at State Office Building, Syracuse, New York.” The affidavit of service is defective in that the affidavit of mailing is not completed. The affidavit also states that a copy of the summons and complaint was affixed to the door of defendant’s dwelling house.
The defendant contends, and properly so, that the affidavit of service is defective under CPLR 308 (subd. 3). At the argument of the motion, the defendant’s attorney offered to bring in the process server and prove actual, proper, service, despite an incomplete affidavit. Plaintiff’s attorney refused a hearing and relies in this proceeding solely on the defective affidavit of service. Consequently, at this posture, I must assume that service was proper under the statute, but that the affidavit of service is defective. Defendant argues that regardless of whether or not the service is proper, that in the City Court of Syracuse, an “ inferior” court, we are without jurisdiction to enter a default judgment upon a defective affidavit of service, citing Flatbush Cheaster Corp. v. D’Osoie (174 Misc. 900) decided under section 22 of the old New York City Municipal Court Code.
The Flatbush case seems to be unique in that the weight of authority in New York is that jurisdiction is obtained by service and the failure of proof of service does not render the service *932 void or the jurisdiction defective. (Lambert v. Lambert, 270 N. Y. 422, 427.)
The practice in the City Court of Syracuse is now governed by the Uniform City Court Act. Subdivision (a) of section 409 of said act provides that: “ Except as the rules of the court may otherwise provide * * * the provisions of law applicable to the filing of a summons in an action in the supreme court shall be applicable in this court.” Clearly, the Uniform City Court Act was intended to bring the practice in inferior courts as much as possible in conformity with practice in the Supreme Court. (UCCA, §§ 102, 403, 411,1001,1401-1403, 2102; see, also, Marks, Uniform City Court Practice [1965], §§ 20, 23.)
Whatever effect, if any, the Flatbush case ever had in providing a different rule of jurisdiction in connection with the affidavit of service of the.summons under the old Municipal Court Code Practice, its authority is no longer applicable in view of the above and is rejected. (See Gullette v. Parisher, 65 N. Y. S. 2d 731; Equitable Life Assur. Soc. v. Ehrlich, 250 App. Div. 761; Washington Hgts. Fed. Sav. & Loan Assn. v. Owens, 5 Misc 2d 131, as well as Air Conditioning Training Corp. v. Pirrote, 270 App. Div. 391; Gordon v. Gordon, 17 Misc 2d 734; Schneir v. Tishman, 176 Misc. 427; Chittenden v. Chittenden, 46 Misc 2d 347; see, also, 37 St. John’s L. Rev. 285.)
For the reasons aforesaid, the instant motion is denied without prejudice to any application that defendant may be advised to bring under CPUS 5015 (subd. [a], par. 1).