Shanley N. Egeth, J.
This is a motion to dismiss a petition in a nonpayment proceeding, brought on by the respondent tenant and undertenants upon the grounds of lack of jurisdiction. The tenants contended that the court never acquired jurisdiction of this proceeding because service of process was not properly made upon the prime tenant or upon the under-tenants. It is asserted that the affidavits of service do not allege that the person effecting .service was over the age of 18, or that such person was “ not a party to the proceeding.” It is additionally claimed that that process was defective because one of the alleged servers of process demonstrably served more than five persons within the past year, and said person was not a licensed process server in the City of New York pursuant to the applicable provisions of section B32-450.0 et seq. of the Administrative Code of the City of New York.
The landlord claimed service was effected upon the prime corporate tenant by one Thomas Smith who claimed to effect service upon Vandee Enterprises Corp. by delivering a copy of the notice and petition to its admitted secretary, Herman A. Stuhl. There is another affidavit of service executed by Frank Trinidad who claimed to have personally served all of the under-tenants including Inga DeVaney, who is conceded to be the president of the corporate prime tenant.
During argument of the motion some of the undertenants further asserted that jurisdiction was not procured because of the claim that the petition served upon the tenants was somewhat different than the original petition filed in court, in that certain deletions were made on the verification of the copy served, and paragraph numbers were also added to the copy, neither of which appears on the original petition filed in court.
After argument of the motion, the court immediately conducted a hearing upon the question of service. Immediately prior thereto the petitioner landlord discontinued all of the pending proceedings and claims against the undertenants, and elected to proceed only against the corporate prime tenant.
After hearing, and upon consideration of all facts and contentions of the parties, the court is of the opinion that sufficient service of process was made upon the corporate prime *332 tenant, and that this motion which is now pending only on behalf of the prime tenant must be denied. In so deciding, the court is not now resolving the issue raised with respect to the adequacy of the petition itself. This court is under the impression that the claimed defects in the petition, based upon the minute disparity between the copy of the petition served and the copy of the petition filed, are not sufficient to invalidate the proceeding; but this decision is not to be deemed determinative of that issue. The tenant may renew the argument as to the inadequacy of the petition by raising the issue during the course of trial.
During the hearing the landlord chose not to utilize the process server who allegedly served the corporation through its secretary, because he was the unlicensed server who initially attempted to serve all of the undertenants. In lieu thereof, the landlord presented his other process server, Frank Trinidad, who testified as to the service of a copy of the notice and petition upon Inga DeVaney, the conceded president -of -the corporate tenant. The testimony is unclear as to whether, one or two copies -of the notice and petition were served upon Miss DeVaney; The affidavit of service of Mr. Trinidad, which is on file, alleges that, he served process upon Miss DeVaney, but it does not specify therein the capacity in which he was serving Miss DeVaney. The affidavit of service of Mr. Trinidad in no way alleges that the delivery of the papers to Miss DeVaney was for the purpose of effecting service on the corporate tenant; it merely alleges that service was made upon her. It should be noted that she was also being sued in her individual capacity as an undertenant. It is contended on behalf of1 the landlord that the mere fact of delivery of process to a person who was an appropriate corporate officer constituted valid service upon the corporation.
Although no testimony was presented at the hearing as to the age -of Mr. Trinidad, and as to the fact that he was not a party to this proceeding, this court takes judicial notice of the fact that Mr. Trinidad is not a named party, and that he is obviously a man between the age of 40 and 60 years; clearly over the age of 18 years. It has been determined in this State that if a person whose age is in question is present in the courtroom, the age of such person may be determined by inspection. (Richardson on Evidence [9th ed.], § 132; People v. Kaminsky, 208 N. Y. 389; Union Bank of Brooklyn v. Mandel, 139 App. Div. 684.) The same principle applies to any other fact which a court or jury may observe and find to be demon *333 strably true. A court has a right to take judicial notice of such a fact. “ Judges are not necessarily to be ignorant in Court of what every one else * * * out of Court are familiar with.” (Lumley v. Gye, 2 EL. & BL., 216, 267.)
It is equally clear that valid service cannot be rendered fatally defective because of an improper attempt at proof of service. An impropriety of proof of service is capable of correction, and upon such correction, if it has been established that service was in fact proper, such service should be sustained. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 306.09; Dan Curtin Dodge v. King, 48 Misc 2d 931; Chittenden v. Chittenden, 46 Misc 2d 347; Air Conditioning Training Corp. v. Pirrote, 270 App. Div. 391.) The principle is succinctly enunciated in Pirróte where the court stated (p. 393): “ There is, however, a difference between service and proof of service. One is a fact of which the other is the evidence. It is the fact of proper service which confers jurisdiction.”
Accordingly, the failure in the affidavit of service to allege the true facts of age and nonparty status will not invalidate otherwise proper service of process. To the same effect would be the failure to allege that a process server was licensed or that he had not served more than five persons during the preceding year, or the actual service by an unlicensed process server who served more than five persons in a year. This court is of the opinion that such fact would not invalidate otherwise good process, despite violation of the Administrative Code. (Novick v. Benjamin, N. Y. L. J., March 23, 1972, p. 16, cols. 5, 6.) Section B32-450.0 only provides for licensing and the imposition of penal sanctions for noncompliance in the service of process. Nothing contained therein mandates the invalidation of process by an unlicensed process server. Otherwise valid service of process should not be made invalid by noncompliance with the code provisions.
The final point raised by the hearing is whether or not the delivery by Mr. Trinidad of the notice and petition to Miss DeVaney constituted service of process upon the corporate tenant. The fact that the affidavit of service of Mr. Trinidad on file does not specifically claim that such delivery constituted service upon the corporate tenant is irrelevant to whether or not such service was made. The fact of service and not the affidavit determines the issue.
This subject has been discussed by Dean McLaughlin in his Practice Commentaries (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 311). Dean McLaughlin states therein that, when *334 a judgment is sought against a corporation and one of its officers, service-of a single summons is sufficient to subject both the corporation and the individual to the jurisdiction of the court. (Port Chester Elec. Co. v. Ronbed Corp., 28 A D 2d 1008; see Richardson v. Millard, 58 Misc 2d 502, app. dsmd. 33 A D 2d 820.)
A similar decision was made in White & Sons v. Scott (14 A D 2d 307, 308, 309, 310). In White, Justice Rabin stated: u The affidavit of service on the defendant * * * merely recites that a copy of the summons and complaint was served upon Seymour Scott — there being no statement as to the capacity in which he was .served. This raises a question as to whether he was served merely as an individual or also in his capacity of a trustee. * * * Personal service made upon a person would appear to subject him to the court’s jurisdiction •in a representative capacity as well as in an individual one if in fact the cause of action be directed against him in the former status (Boyd v. United States Mtge. & Trust Co., 187 N. Y. 262, 271).” The caption in this case makes it clear that the corporation of which Inga DeVaney is the president was ,a party, and that she-individually was also a party. Delivery of process to her afforded her full notice of the pendency of the proceeding in both capacities. Such process was sufficient to subject the corporation, and Inga DeVaney personally, to the jurisdiction of the court in this proceeding.
The motion to dismiss the petition is therefore denied in all respects. The corporate tenant is directed to interpose an answer to the petition within 10 days after service of a copy of this order with notice of entry upon the attorney for the tenant.