Chief Judge Breitel and Wachtler, J.
(dissenting). We dissent and vote to affirm on the opinion of Mr. Justice James D. Hopkins at the Appellate Division in which the concededly difficult problem in this case is elaborated with a keen sense for the legal and policy reasons for the result. We indorse the analysis and it would be supererogation to substitute an elaboration for that of Mr. Justice Hopkins. We add only the following comments addressed to the majority opinion.
We do not rely, nor did the Appellate Division, on the existence of in personam jurisdiction over the second wife. Under traditional and still valid principles, when the first wife came to New York, she brought with her the "res” of the marriage (see Vanderbilt v Vanderbilt, 1 NY2d 342, 351, and *275 cases cited, affd 354 US 416). There is, therefore, in rem jurisdiction in New York to determine the validity of the first marriage, whatever the indirect, and perhaps substantial, consequences of such an adjudication on the second marriage (see Chittenden v Chittenden, 46 Misc 2d 347, 349-350 [Macken, J.], including quoted comments of then Assemblyman Malcolm E. Wilson, concerning the need for methods of service on the nonresident second spouse; Sacks v Sacks, 47 Misc 2d 1050, 1052 [Geller, J.]). Of course, there is no jurisdiction in New York to declare the second marriage valid or invalid.
Moreover, the death of the husband should not dissolve the "res” that serves as a basis for jurisdiction in New York. True, the marital res may be a legal fiction, but neither in fiction nor in reality does the marriage relationship terminate, for all purposes, at the death of one spouse. Important legal rights accrue to a spouse, as a spouse, even after death. The intestate share statute and the right of election provide obvious examples. The majority’s analysis would presumably prevent even a woman married in New York and a life-long resident from seeking in New York a declaration, for estate purposes, that her husband’s out-of-State divorce was invalid, all on the theory that the marital res expired at the husband’s death. The result is unrealistic and unacceptable, however "consistent” it may purport to be with a mechanical logic.
Judges Jasen, Gabrielli, Jones and Fuchsberg concur with Judge Cooke; Chief Judge Breitel and Judge Wachtler dissent and vote to affirm in a memorandum.
Order reversed, without costs, and the action dismissed. Question certified answered in the negative.