(June 13, 1917.)

## J. P. NELSON, Respondent, v. McGOLDRICK LUMBER COMPANY, Appellant.

[165 Pac. 1125.]

DEFAULT—MOTION TO VACATE—SUFFICIENCY OF SHOWING—APPEAL FOR DELAY—DAMAGES.

> 1. Where it clearly appears that a default was permitted to be entered through the carelessness and negligence of a party, or his counsel, for which no reasonable excuse is offered, it will not be vacated upon the theory that it was taken against him through his mistake, inadvertence, surprise or excusable neglect.

> 2. Under rule 44 of the rules of practice in this court, damages may be allowed to respondent in an amount not to exceed twelve per cent of the judgment, where it manifestly appears the appeal has been taken for delay.

> [As to vacating of judgments on account of negligence or mistake of attorney, see note in 96 Am. St. 108.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action to recover for labor performed and services rendered in cutting and hauling certain cedar poles. Default for failure to answer was entered and from a judgment in favor of plaintiff and an order denying a motion to vacate the default, defendant appeals. *Affirmed.*

Cullen, Lee & Matthews, and Featherstone & Fox, for Appellant.

Statutes relating to the vacating of default judgments should receive a most liberal construction. (6 Ency. Pl. & Pr., 154; *Walsh v. Boyle*, 94 Minn. 437, 103 N. W. 506; *Lemon v. Hubbard*, 10 Cal. App. 471, 102 Pac. 554; *Hull v. Vining*, 17 Wash. 352, 49 Pac. 537.)

A default was set aside by this court in the following cases: *Pease v. County of Kootenai*, 7 Ida. 731, 65 Pac. 432; *Estate*

*of Pittock,* 15 Ida. 47, 96 Pac. 212; *Shumake v. Shumake,* 17 Ida. 649, 107 Pac. 42; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8.

Every reasonable doubt in such cases will be resolved in favor of a trial upon the merits. (*Humphreys v. Idaho Gold Mines Dev. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Coleman v. Security Savings Soc.,* 57 Wash. 675, 107 Pac. 842; *Reitmeir v. Siegmund,* 13 Wash. 624, 43 Pac. 878; *Hermance v. Cunningham,* 49 Neb. 897, 69 N. W. 311; *Griswold Linseed Oil Co. v. Lee,* 1 S. D. 531, 36 Am. St. 761, 47 N. W. 955; *Horton v. New Pass Gold & Silver Min. Co.,* 21 Nev. 184, 27 Pac. 376, 1018; *Howe v. Coldren,* 4 Nev. 171; *Rosebud Lumber Co. v. Serr,* 22 S. D. 389, 117 N. W. 1042; *Ordway v. Suchard,* 31 Iowa, 481.)

Wm. D. Keeton and E. N. La Veine, for Respondent.

The laches and delays in this case do not constitute any mistake, surprise, inadvertence or any neglect which can be excused. Neglect to be in a position to answer seventy-six days after the defendant had been served with summons and complaint does not come within neglect which should be excused by a court, nor does it show diligence on the part of appellant. The appellant does not show that it made any mistake, or that it was surprised. It was not misled or deceived in any way. (*Morbeck v. Bradford-Kennedy Co.,* 19 Ida. 83, 113 Pac. 89.)

There is no press of business shown which is excusable, and no excuse for the laches in this case is presented by the showing of the appellant. (*Bailey v. Taaffe,* 29 Cal. 422, 423; *Bowen v. Webb,* 34 Mont. 61, 85 Pac. 739; *Scilley v. Babcock,* 39 Mont. 536, 104 Pac. 677; *Lovell v. Willis,* 46 Mont. 581, Ann. Cas. 1914B, 587, 129 Pac. 1052, 43 L. R. A., N. S., 930; *Brumbaugh v. Stockman,* 83 Ind. 583; *Church v. Lacy,* 102 Iowa, 235, 71 N. W. 338; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031.)

There is no justice in permitting one party to obtain an undue or unfair advantage through neglect or mistake of the

other's attorney.   (*Jones v. Vane,* 11 Ida. 353, 363, 82 Pac. 110.)

MORGAN, J.—This action was commenced on September 10, 1915.   On October 7th, appellant filed a demurrer to the complaint, which was overruled on November 1st, and appellant was given twenty days in which to answer.   By stipulation the time was extended to and including November 27th, and on December 2d, no answer having been filed, the default of appellant was entered.   On December 15th, no other or further appearance having been made, respondent offered proof in support of the allegations of his complaint and was awarded judgment in the sum of $523.43 and costs.

On January 19, 1916, appellant caused to be served upon counsel for respondent a motion and notice of motion to vacate the default and for permission to answer, together with an affidavit in support thereof, and a proposed answer to the complaint.   These papers were filed on January 31st, at which time the motion was heard and denied.   This appeal is from the judgment and from the order denying the motion.

The assignments of error bring before us for review the showings made in support of and in opposition to the motion above mentioned and the action of the trial court thereon.

It appears from the affidavit of W. J. Matthews, of counsel for appellant, that it was necessary, in order to ascertain the facts from which to prepare an answer, to confer with J. F. Armfield, appellant's codefendant; that some difficulty was encountered in locating Armfield, and that on November 13th, it was found he was in Pullman, Washington; that, although affiant communicated with him, both by telephone and letter, and offered to pay all expenses of the trip if he would go to Spokane, Washington, where affiant resided, in order to confer with counsel for appellant relative to the facts in the case, he declined to do so, and it was not until on or about November 29th that appellant received a letter from him purporting to give the necessary information, and that because of this fact it was impossible to file the answer at an earlier date.   It further appears from this affidavit that the answer was actually prepared by affiant prior to November 27th, and

that some delay was occasioned because it was desired that the verification thereto be made by Roy Lammers, manager of appellant, who was absent from Spokane and who had knowledge of the matters therein alleged.

Aside from the contradictory statements contained in this affidavit, by reason of which it is not very persuasive, it does not state facts sufficient to invoke the benefits of sec. 4229, Rev. Codes, wherein it is provided: "The court may . . . . relieve a party, or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

While the answer in this case was due on November 27th, it conclusively appears that no effort whatever was made to procure a further extension of time, nor was counsel for respondent communicated with upon the subject by counsel for appellant until December 6th, four days after the default had been entered, nor does any reason appear why such extension was not applied for. The record before us, taken as a whole, does not show that the default was permitted to be entered through the mistake, inadvertence, surprise or excusable neglect of appellant, or of its counsel, but does disclose that it was due to carelessness and negligence for which no reasonable excuse was offered. The rule that defaults will not be vacated under such circumstances has long been well established in this state. (*Domer v. Stone,* 27 Ida. 279, 149 Pac. 505, and cases therein cited.)

From the facts disclosed in this record it manifestly appears that this appeal is entirely without merit, and was taken for delay. Damages in the sum of $62.81, being 12% of the amount of the original judgment, exclusive of costs, will therefore be allowed to respondent under rule 44 of the rules of practice in this court. (*Wilds v. Brown,* 27 Ida. 218, 148 Pac. 469.)

The trial court is hereby directed to amend the judgment by adding thereto the said sum of $62.81. The order appealed from and the judgment, so amended, are affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.