(April 25, 1923.)

BOISE VALLEY TRACTION COMPANY, a Corporation, Appellant, v. BOISE CITY, a Municipal Corporation, Respondent.

[214 Pac. 1047.]

PROCESS—SERVICE—SHERIFF'S RETURN—JUDGMENT BY DEFAULT—MO-TION TO VACATE—SUFFICIENCY OF SHOWING—MISTAKE, INADVER-TENCE, SURPRISE OR EXCUSABLE NEGLECT, WHAT CONSTITUTES SUFFICIENCY OF COMPLAINT.

1. A sheriff's return of summons is *prima facie* evidence of service and can only be overcome by clear, unequivocal and convincing proof that service was not made.

2. Where the service is made by the sheriff himself, it is sufficient that the return be made out by a deputy under his direction.

3. Where personal service of summons is made, forgetfulness on the part of the mayor of respondent city of the pendency of the action, occasioned by confusion of papers or mistake or inadvertence of a clerk in his office in placing summons and complaint in a file where he did not see them, *held* not to constitute such mistake, inadvertence, surprise or excusable neglect as is contemplated by C. S., sec. 6726.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Charles F. Reddoch, Judge.

Appeal from an order of the District Court vacating judgment and setting aside default.   *Reversed.*

Hawley & Hawley, Sam S. Griffin and C. T. Ward, for Appellant.

The sheriff may act through his deputies; the return of service of process, where service in fact was made by the sheriff himself, is sufficient though made out by a deputy under the direction of and upon information received from the sheriff.   (*Goddard v. Harbour,* 56 Kan. 744, 44 Pac. 1055.)

The sheriff's return is *prima facie* evidence of service, entitled to great weight, and not overcome by affidavits showing only lack of recollection, or upon information and belief; it can only be overcome by clear, unequivocal, direct, specific and detailed facts amounting to convincing proof that service was not made.   (23 Cyc. 954; C. S., sec. 3598; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; 32 Cyc. 516; *People v. Dodge,* 104 Cal. 487, 38 Pac. 203; *Northwestern etc. Bank v. Ridpath,* 29 Wash. 687, 70 Pac. 139; *Crawford v. Gibson* (Tex. Civ.), 203 S. W. 375; *Murrer v. Security Co.,* 131 Ind. 35, 30 N. E. 879; *Osman v. Wisted,* 78 Minn. 295, 80 N. W. 1127; *Marin v. Potter,* 15 N. D. 284, 107 N. W. 970; *Burton v. Cooley,* 22 S. D. 515, 118 N. W. 1028; *Arapahoe State Bank v. Houser,* 162 Wis. 80, 155 N. W. 906; *Lake Drainage Commrs. v. Spencer,* 174 N. C. 36, 93 S. E. 435; *Limburger v. Engle* (Tex. Civ.), 47 S. W. 683.)

Where it appears that defendant city failed to appear in an action through forgetfulness of the mayor, upon whom service of summons was made, the court will not vacate a judgment by default, set aside the default and permit answer.   (*Nelson v. McGoldrick Lumber Co.,* 30 Ida. 451, 165 Pac. 1125; *Humphreys v. Idaho Gold Mines Co.,* 21 Ida.

126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Sioux City Vinegar etc. Co. v. Boddy,* 108 Iowa, 538, 79 N. W. 350; *Osman v. Wisted,* 78 Minn. 295, 80 N. W. 1127; *Missouri K. & T. Ry. Co. v. Ellis,* 53 Okl. 264, 156 Pac. 226; *Morris v. Liverpool etc. Co.,* 131 N. C. 212, 42 S. E. 577; *Callahan Const. Co. v. Williams,* 160 Ky. 814, 170 S. W. 203; *Lovell v. Willis,* 46 Mont. 581, 129 Pac. 1052, 43 L. R. A., N. S., 930; *Haggin v. Lorenz,* 13 Mont. 406, 34 Pac. 607; *Nye v. Socher,* 92 Wis. 40, 65 N. W. 854; *Jones v. Bibb Brick Co.,* 120 Ga. 321, 48 S. E. 25; *Wood v. Cobe,* 80 Kan. 496, 103 Pac. 101; *Warner v. Conant,* 24 Vt. 351, 58 Am. Dec. 178; *Cullum v. Casey,* 1 Ala. 351.)

J. M. Lampert, E. P. Barnes and C. S. Hunter, for Respondent.

A finding that failure to appear and answer was due to mistake, surprise and excusable neglect, and such finding being in favor of a trial on the merits, should not be disturbed where there is any evidence presented tending to support the order. (*Humphreys v. Idaho Gold Mines Dev. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Western Loan, etc., v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Pease v. Kootenai County,* 7 Ida. 731, 65 Pac. 432; *Melde v. Reynolds,* 129 Cal. 308, 61 Pac. 932; *Nicoll v. Weldon,* 130 Cal. 666, 63 Pac. 63; *Grady v. Donahoo,* 108 Cal. 211, 41 Pac. 41; *Citizens' Bank v. Branden,* 19 N. D. 489, 126 N. W. 102, 27 L. R. A., N. S., 858.)

An application to open a default is addressed to the sound legal discretion of the trial court and the order of the court will not be reversed on appeal unless it clearly appears that the court abused its discretion; in determining the question of discretion, the power of the court should be freely and liberally exercised, under the statute, to mold and direct its proceedings, so as to dispose of cases upon their substantial merits. (*Pittock v. Pittock,* 15 Ida. 47, 96 Pac. 212; *Buell v. Emerich,* 85 Cal. 116, 24 Pac. 644; *Miller v. Carr,*

116 Cal. 378, 58 Am. St. 180, 48 Pac. 324; *Pease v. County of Kootenai*, 7 Ida. 731, 65 Pac. 432; *Culver v. Mountain Home Electric Co.*, 17 Ida. 669, 107 Pac. 65.)

It is better, as a general rule, that the doubt be resolved in favor of the applicant to set aside a judgment in order to secure a trial upon its merits. (*Watson v. San Francisco & H. B. R. R. Co.*, 41 Cal. 17; *Grady v. Donahoo*, 108 Cal. 211, 41 Pac. 41.)

BUDGE, C. J.—On August 13, 1920, appellant filed its complaint praying for judgment against respondent for $1,426.19, together with interest thereon. Summons was duly issued on the same date and delivered to the sheriff of Ada county for service. The sheriff's return shows that on August 17, 1920, he made personal service of a copy of the summons and complaint on Ernest G. Eagleson, mayor of Boise City, at Boise. The return was filed on August 19, 1920, and was filled in by one Swormstedt, a deputy sheriff, under the direction of the sheriff. No appearance having been made by respondent, its default was entered on September 8, 1920, and on September 10, 1920, judgment as prayed for was rendered, entered and filed. On September 30, 1920, the judgment was presented to the respondent for payment. On March 8, 1921, respondent served and filed a motion to set aside the judgment and open the default and tendered its answer. In support of its motion respondent filed the affidavits of Mayor Eagleson, Catharine Bartlett, Margaret Vernon and E. P. Barnes. On March 25, 1921, appellant, in resisting the motion, filed affidavits of the sheriff and his deputy. On April 21, 1921, a second affidavit, made by the mayor, was filed in contradiction to the affidavit of the sheriff. On May 13, 1921, an alleged amended motion was filed in behalf of respondent. Upon the record thus made and submitted the court set aside the judgment and vacated the default. From the order this appeal is taken.

There are numerous specifications of error. However, only one question is presented, namely, did the trial court abuse

its discretion in setting aside the judgment, vacating the default and in permitting respondent to file its answer? This brings before us for review the showing made in support of and in opposition to the motion. This proceeding is based on the provisions of C. S., sec. 6726, which provides, *inter alia:*

"The court may .... relieve a party .... from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the court, or the judge thereof in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term. When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

The sheriff's return is attacked upon the ground that the return was not filled in by the sheriff but by his deputy. Where the service is made in fact by the sheriff himself, it is sufficient that the return be made out by a deputy under his direction. (*Goddard v. Harbour,* 56 Kan. 744, 44 Pac. 1055.) The sheriff's return is *prima facie* evidence of service and can only be overcome by clear, unequivocal and convincing proof that the service was not made. The service is not only supported by the sheriff's return but by his affidavit wherein he sets out in detail the time, place and circumstances of the service. Among other things he states in his affidavit that on the morning of August 16, 1920, he had a telephone conversation with the mayor wherein he informed him that he wanted to serve summons and complaint upon him in an action brought against Boise City by appellant; that the mayor stated that he would be in

his office and that it would be all right for him to come there and make the service upon him; that he immediately went to the mayor's office but was unable to see him and make the service. On the morning of August 17, 1920, he went to the mayor's office again and there met the mayor and informed him that he had a summons and copy of the complaint in the case of *Boise Valley Traction Company v. Boise City* and that he thereupon delivered such papers personally to the mayor. To rebut the sheriff's return and affidavit, Mayor Eagleson, among other things, states in his affidavit that he "is thoroughly convinced and believes that no personal service of said summons or complaint was made upon him, but that the same were either given to some other person in his office or left on his desk in his absence . . . . and he had no personal or actual knowledge that such action had been instituted until on or about the 30th day of September, 1920, at which time the city clerk of Boise City advised him that a copy of the judgment in said action had been presented to Boise City for payment." He further states: "That if affiant was served with summons in said action, service therein was made upon affiant in the city hall in Boise, and said summons and complaint attached thereto placed upon his desk, where he customarily deposited papers and documents requiring his attention." He also states: "Nor does affiant have any recollection of ever having seen such papers and is firmly convinced that he did not see such papers, or either of them, until they were discovered on or about the 1st day of October, 1920." It also appears from the affidavit that when he was notified of the entry of the judgment he immediately caused a search for the complaint and summons to be instituted and that they were subsequently found by a clerk in his office among the files in a certain action then pending before the Public Utilities Commission, wherein the city and appellant were parties. In support of this statement, Catharine Bartlett, a clerk in the mayor's office, makes affidavit in which, among other things, she states that "she is informed and believes that if any service has been made

in the premises it was made on or about the 17th day of August, 1920," and that she is informed and believes that a copy of the complaint and summons was discovered in the files in the case then pending before the Public Utilities Commission where it was inadvertently and unintentionally placed. One Margaret Vernon, also a clerk in the mayor's office, makes an affidavit wherein she states that upon request of the mayor she made a search and discovered the copy of the complaint and summons in the files of the case before the Public Utilities Commission. In the second affidavit Mayor Eagleson denies that he had a telephone conversation with the sheriff on the morning of August 16, 1920, or at any other date. He further denies that the sheriff told him in his office in the city hall or elsewhere that he had a summons and complaint to serve upon him in the case of *Boise Valley Traction Company v. Boise City.* He also denies that the sheriff handed him a copy of the summons and complaint and states in connection therewith that the sheriff told him that he handed the said summons and complaint "to the girl in the mayor's office, and then immediately stated, as on second thought, that affiant was busy talking to several parties and the said Pfost handed the summons and complaint to affiant." The foregoing recitals contain substantially the material statements relating to the service of the summons and complaint.

The trial court assigns as grounds for sustaining respondent's motion: "That the Mayor of said Boise City . . . . did not know of the pendency of this action, due to the confusion of papers or the mistake and inadvertence of a clerk in placing the summons and complaint in a file where the Mayor did not see them." The court did not find that the service had not been personally made and the only inference to be drawn from the court's finding is that personal service was made. The reasons assigned by the trial court for granting the motion would not constitute such mistake, inadvertence, surprise or excusable neglect as the statute contemplates, neither does the showing made amount to such mistake, inadvertence, surprise or excusable neglect

as would relieve respondent of the judgment. (*Nelson v. McGoldrick Lumber Co.*, 30 Ida. 451, 165 Pac. 1125; *Marin v. Potter*, 15 N. D. 284, 107 N. W. 970.)

The contention made by respondents that the complaint fails to state a cause of action and therefore the trial court did not err in granting the motion is inconsistent with its position that the service was not made. The court below permitted respondent to file its answer. No demurrer to the sufficiency of the complaint was filed or tendered for filing. The sufficiency of the complaint is questioned in this court for the first time. Conceding, but not admitting, that this may be done, under the authority of *Ticknor v. McGinnis*, 33 Ida. 308, 312, 193 Pac. 850, from an examination of the complaint we are of the opinion that a cause of action is stated therein.

From what has been said it follows that the order setting aside the judgment and opening the default must be reversed and it is so ordered. Costs are awarded to appellant.

Dunn and William A. Lee, JJ., concur.