655 P.2d 462

Sharyn **WORKMAN,**
Plaintiff-Respondent,

v.

Bud **BROWN,** Individually and d/b/a Inland Empire Mobile Home Sales, a Washington Corporation; and Mike **Burrows,** Individually and as Agent, Employee or Partner of Bud Brown and/or Inland Empire Mobile Home Sales, Defendant-Appellant.

No. 14450.

Court of Appeals of Idaho.

Dec. 14, 1982.

Jeffrey A. Child of Child & Fischer, Coeur d'Alene, for defendant-appellant.

Everett D. Hofmeister and Norman L. Gissel, Coeur d'Alene, for plaintiff-respondent.

SWANSTROM, Judge.

This appeal arises from a district court order denying Bud Brown's motion to vacate a default judgment against him. The sole issue is whether a court has jurisdiction to enter a default judgment even if the return of service is defective or incomplete. The district court held that it did have jurisdiction. We affirm.

A simple sequence of events leads up to this appeal. In January, 1980, Workman filed her complaint alleging that Brown's agent had trespassed upon her property and damaged her mobile home. It is not disputed that on September 3, 1980, Brown was personally served with process in the State of Washington. An affidavit of service by one Michael L. Eckel was filed with the district court in Kootenai County, Idaho. This document was complete in all respects, except that it lacked a notarial seal. On November 6, 1980, Brown having failed to plead or appear in the case, the court entered a default judgment against him. Almost a year later Brown moved to set aside the default judgment, asserting that the court lacked jurisdiction to enter it because the proof of service of process was inadequate. In making this motion, Brown did not deny that he had actually been served; nor did he assert that the return of process was in any way false or fraudulent.

After Brown challenged the validity of the judgment, Workman filed an amended affidavit of service by Michael L. Eckel. Eckel swore to this document before a notary public of the State of Washington, and this time the notarial seal was affixed. However, the venue typed on the document indicated that Eckel swore to the affidavit before the notary public in Kootenai County, Idaho. Brown contended that this return of service was also defective because a Washington notary has no authority to administer oaths outside that state. Concluding that it did have jurisdiction to enter a default judgment, the district court denied Brown's motion to vacate the default judgment. The court reasoned that "it is the fact of service," which Brown had not denied, not the proof of service, which establishes the court's jurisdiction.

The Idaho Supreme Court has similarly ruled. In *Call v. Rocky Mountain Bell Telephone Company,* 16 Idaho 551, 102 P. 146 (1909), the Idaho Supreme Court concluded that a defect in the proof of service rendered the judgment voidable, not void. The Court approved the filing of an amended proof of service while the case was on appeal and held that the amended return of service related back to the time when the summons had actually been served. In *Call* the Court said:

> The party attacking the judgment could not possibly be prejudiced by the fact that the court permitted the party in whose favor the judgment was entered to procure an amendment to the return so as to make it speak the truth and consequently show that an actual service had been made.

16 Idaho at 558, 102 P. at 148.

The Supreme Court, in two subsequent decisions, has adhered to the rule that it is the fact, not the proof, of service which gives the court jurisdiction. *See Blandy v. Modern Box Mfg. Co.,* 40 Idaho 356, 367, 232 P. 1095, 1098 (1925), and *Mason v. Pelkes,* 57 Idaho 10, 17, 59 P.2d 1087, 1090 (1936).

Consistent with these holdings are I.R. C.P. 4(e)(2) ["Personal service within or without the state is complete on the date of delivery;"] and I.R.C.P. 4(h) ["At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, ...."].

Essentially the present case differs from *Call* only in that here the amended affidavit of service also contained a defect, although different from the defect which appeared in the first affidavit. We do not consider this difference sufficient to exempt the case from the rule that the fact of service confers jurisdiction.

In this case, as in *Call,* the fact of service is not contested; and, therefore, the court's jurisdiction is not in doubt. More narrowly, appellant argues that even if the court had

jurisdiction, the court should not have entered a default judgment unless there was compliance with all of the requisites of the Idaho Rules of Civil Procedure, including a proper affidavit of service.

We believe there was substantial compliance with the requirement for an affidavit. The person who made the service upon appellant signed the affidavit. He also swore to the fact of service before a Notary Public. This was everything he was required to do to make the affidavit complete. The notary signed the jurat; only the ministerial act of affixing his seal was omitted. The second affidavit cured this defect, but was itself attacked for an allegedly incorrect recital of venue. No substantial prejudice has been shown to result from either of these defects.

In our view the purpose for requiring a proper affidavit is to assure the court that service in fact occurred and that the court has jurisdiction. Where that is not contested, to overturn the judgment would frustrate the purpose of the rule. We hold that a default judgment will not be set aside where in fact service has been made, and the moving party neither denies that fact nor shows substantial prejudice, but relies solely upon a ministerial defect in the proof of service.

Judgment affirmed. Costs to respondent. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.