710 P.2d 602

**GALAXY OUTDOOR ADVERTISING, INC., a Nevada corporation; Snarr Outdoor Advertising, Inc., an Idaho corporation; Signs, Inc., an Idaho corporation; Image National Corporation, an Idaho corporation; Grant Wilkins, Assignee of claims of Mountain States Advertising, Inc., a Colorado Corporation; Obie Communications Corporation, an Oregon corporation; Rocky Mountain Outdoor Advertising Company, a California corporation, Plaintiffs,**

**and**

**Charles P. Cosgriff, Plaintiff-appellant,**

**v.**

**The IDAHO TRANSPORTATION DEPARTMENT, a civil department of the State of Idaho; Carl C. Moore, Lloyd F. Barron, Roi Strochein, as the Members of the Idaho Transportation Board; Carl C. Moore, Lloyd F. Barron, Roi Strochein, Individually; E.D. Tisdale, as State Highway Administrator for the Idaho Transportation Department, Division of Highways; E.D. Tisdale, Individually, Defendants-respondents.**

**GALAXY OUTDOOR ADVERTISING, INC., a Nevada corporation; Grant Wilkins, Assignee in claims of Mountain States Advertising, Inc., a Colorado corporation; and Rocky Mountain Outdoor Advertising Company, a California corporation, Plaintiff-appellants,**

**and**

**Snarr Outdoor Advertising, Inc., an Idaho corporation; Signs, Inc., an Idaho corporation; Image National Corporation, an Idaho corporation; Obie Communications Corporation, an Oregon corporation; and Charles P. Cosgriff, Plaintiffs,**

**v.**

**The IDAHO TRANSPORTATION DEPARTMENT, a civil department of the State of Idaho; Carl C. Moore, Lloyd F. Barron, Roi Strochein, as the Members of the Idaho Transportation Board; Carl C. Moore, Lloyd F. Barron, Roi Strochein, Individually; E.D. Tisdale, as State Highway Administrator for the**

Idaho Transportation Department, Division of Highways; E.D. Tisdale, Individually, Defendants-respondents.

GALAXY OUTDOOR ADVERTISING, INC., a Nevada corporation; Signs, Inc., an Idaho corporation; Image National Corporation, an Idaho corporation; Grant Wilkins, Assignee of claims of Mountain States Advertising, Inc., a Colorado corporation; Obie Communications Corporation, an Oregon corporation; Rocky Mountain Outdoor Advertising Company, a California corporation; and Charles P. Cosgriff, Plaintiffs,

and

Snarr Outdoor Advertising, Inc., an Idaho corporation, Plaintiff-appellant,

v.

The IDAHO TRANSPORTATION DEPARTMENT, a civil department of the State of Idaho; Carl C. Moore, Lloyd F. Barron, Roi Strochein, as the Members of the Idaho Transportation Board; Carl C. Moore, Lloyd F. Barron, Roi Strochein, Individually; E.D. Tisdale, as State Highway Administrator for Idaho Transportation Department, Division of Highways; E.D. Tisdale, Individually, Defendants-respondents.

Nos. 15421, 15423 and 15424.

Supreme Court of Idaho.

Dec. 5, 1985.

Michael D. Crapo, of Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiffs Galaxy, Wilkins, Rocky Mountain and Snarr.

Terry C. Copple, of Davison, Copple, Copple & Copple, Boise, for plaintiff-appellant Cosgriff.

Patrick W. Fanning, of the Idaho Transp. Dept., Boise, for defendants-respondents.

BAKES, Justice.

Appellants appeal from a district court order granting summary judgment in favor of the Idaho Transportation Department. The district court, in granting summary judgment, ruled that contracts executed between the advertising companies and the Idaho Department of Transportation bound all parties and prevented the advertising companies from recovering for certain highway signs removed pursuant to federal and state highway beautification acts. We affirm.

This controversy arose following the enactment of the Federal Highway Beautification Act in 1965. The federal act required that states control outdoor advertising signs located along primary and interstate highways. This act directed the Secretary of Transportation to reduce by 10% the amount of federal highway funds available to any state which failed to control these outdoor advertising structures. The act provided that just compensation should be paid to the owners of certain of these advertising structures, with 75% of the compensation to be paid by the federal government. Idaho subsequently adopted its own Highway Beautification Act on April 12, 1967. *See* I.C. §§ 40–2811 through –2838 (repealed 1985).

In accordance with the terms of the federal and state highway beautification acts, the advertising companies entered into agreements with the Idaho Transportation Department, providing for the state's purchase of all non-conforming signs owned by the companies. These agreements conditioned payment for certain types of signs upon Federal Highway Administration participation in the purchase of the signs.[1] Specifically, the agreements provided that the Federal Highway Administration must approve each company's claim for compensation on or before October 31, 1978,[2] or

---

1. The agreements recognize three different categories of signs which would be removed pursuant to the highway beautification acts. These three categories were: (1) legal non-conforming signs erected prior to October 22, 1965; (2) non-conforming signs erected between October 22, 1965, and April 10, 1967 (referred to as "hiatus period" signs); (3) non-conforming signs erected prior to October 22, 1965, on state-owned negative easements. The agreements condition payment for the "hiatus period" and negative easement signs on federal participation by October 31, 1978. Federal participation in the payment for these signs was questionable, since the federal government maintained that these signs were not lawfully erected. Pursuant to the agreements, the advertising companies have received payment for the removal of the legal non-conforming signs.

2. A 1977 agreement executed between Cosgriff, Inc., and the Idaho Transportation Department extended the cut off date by which Cosgriff, Inc., was to receive federal approval until October 31, 1983.

the state would be released from its obligation to pay for these signs. Each of these agreements contained a merger clause stating that the entire agreement between the parties was embodied in the agreement.

On September 30, 1977, the advertising companies filed suit in federal district court seeking to force federal participation. The complaint, originally naming only the United States Department of Transportation, was later amended to join the Idaho Transportation Department as a party defendant. The United States Department of Transportation and the Idaho Transportation Department moved for summary judgment, and the federal district court dismissed the case for failure to state a claim. The 9th Circuit Court of Appeals affirmed the dismissal on the grounds that the federal court did not have jurisdiction over the subject matter of the suit. Consequently, federal participation was not approved by the required date. In fact, the federal government continues to refuse to pay for these signs which the federal government claims were not lawfully erected.

The advertising companies subsequently filed suit in Idaho district court. On September 19, 1983, the district court granted summary judgment in favor of the Idaho Transportation Department, ruling that the contracts entered into by the parties were legally binding compromise agreements and should be enforced in all respects. The court concluded that the cut-off dates established in these agreements were binding on all parties, and that the state was not obligated to make any payments which were contingent on federal participation. On reconsideration, the court affirmed the earlier memorandum decision.

Summary judgment is appropriate only when there is no genuine issue of material ·fact after the pleadings, depositions, admissions and affidavits have been construed most favorably to the opposing party and the moving party is entitled to a judgment as a matter of law. *Moss v. Mid-America Fire & Marine Ins. Co.*, 103 Idaho 298, 302, 647 P.2d 754, 758 (1982); *Anderson v. Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). Even construing the pleadings, depositions, admissions and affidavits most favorably to the advertising companies, we nevertheless conclude that the district court was correct in granting summary judgment in favor of the Idaho Transportation Department.

The district court held, as a matter of law, that the terms of the agreements executed between the advertising companies and the Idaho Transportation Department were unambiguous, valid and enforceable. We agree. The agreements do clearly condition the state's obligation to pay for the "negative easement" and "hiatus period" signs on federal participation by October 31, 1978.[3] Where a contract is clear and unambiguous, determination of the contract's meaning and legal effect are questions of law to be decided by the court. *Suchan v. Suchan*, 106 Idaho 654, 660, 682 P.2d 607, 613 (1984); *Parks v. City of Pocatello*, 91 Idaho 241, 244–45, 419 P.2d 683, 686–87 (1966). Where the terms of a contract are unambiguous, as they are in this case, courts cannot revise the contract in order to make a better agreement for the parties. *See McCallum v. Campbell-Simpson Motor Co.*, 82 Idaho 160, 166, 349 P.2d 986, 990 (1960). We must, therefore, interpret these agreements in accordance with the plain meaning of the language chosen by the parties.

Since the federal government had not agreed to participate in payment for the negative easement and hiatus period signs by the date stated in the agreements, the state was released from any obligation to pay for these signs as well. Accordingly, we cannot agree with the advertising companies' contention that an ambiguity in the contract raises issues which must be resolved at trial.

The advertising companies also contend that they were fraudulently induced to en-

---

3. As acknowledged in footnote 2, an agreement executed between Cosgriff, Inc., and the Idaho Department of Transportation extended this date to October 31, 1983.

ter into the agreements by Idaho Transportation Department promises that (1) extensions of time would be freely granted and (2) that the Idaho Transportation Department would assist in every way possible to obtain federal approval.

 A party seeking to establish fraud has the burden of showing (1) a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that the representation will be acted upon in a reasonably contemplated manner; (6) the listener's ignorance of its falsity; (7) the listener's reliance on the truth of the representation; (8) the listener's right to rely on the truth of the representation; and (9) the listener's consequent and proximate injury. *Smith v. King,* 100 Idaho 331, 334, 597 P.2d 217, 220 (1979); *Gillingham v. Stadler,* 93 Idaho 874, 877, 477 P.2d 497, 500 (1970). I.R.C.P. 9(b) requires that a party alleging fraud must plead the factual circumstances constituting fraud with particularity. *Theriault v. A.H. Robins,* 108 Idaho 303, 307, 698 P.2d 365, 369 (1985). Even construing the pleadings most favorably to the opposing party, as we must on summary judgment, we cannot say that the factual elements of fraud have been pleaded with particularity or shown by any substantial evidence. Nothing has been pleaded or asserted by affidavit or deposition which suggests that the Idaho Transportation Department, or its employees, *knowingly* made false representations of material fact to the advertising companies during the negotiations.

 Nor do we find merit in the many other allegations of error raised by the advertising companies. It must be remembered, in considering these allegations, that this Court has before it an unambiguous agreement, executed between sophisticated people who were negotiating through attorneys. Oral stipulations, agreements, and negotiations prior to the execution of a written contract are presumed merged therein and will not be admitted to contradict the plain terms of the contract. *Ringer v. Rice,* 97 Idaho 105, 108, 540 P.2d 290,

293 (1975); *Tapper Chevrolet Co. v. Hansen,* 95 Idaho 436, 439, 510 P.2d 1091, 1094 (1973). As stated earlier, we will not now revise a contract in order to make a better agreement than the advertising companies, and their counsel, made for themselves.

Finding no error, we affirm the decision of the trial court. Costs to respondent. No attorney fees allowed.

SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

DONALDSON, C.J., dissents without opinion.