735 P.2d 1052

Ruby FISHER,
Plaintiff-Appellant-Cross Respondent,

v.

CREST CORPORATION, d/b/a the Last Frontier, and Jared P. Lowe, Defendants-Respondents-Cross Appellants,

and

R. Craig Christensen, Defendant.

No. 16003.

Court of Appeals of Idaho.

March 13, 1987.

flect the trial court's *independent* reasoning.

A. Bruce Larson, of Soda Springs, for plaintiff-appellant-cross respondent.

R.M. Whittier, of Whittier & Souza, of Pocatello, for defendants-respondents-cross appellants.

SWANSTROM, Judge.

This appeal comes to us from an order of the district court setting aside a default judgment entered against respondent Crest Corporation (Crest) in the magistrate division. There are two notable issues. Preliminarily, we must decide whether the trial court acquired personal jurisdiction over Crest so as to allow entry of the default judgment. The second issue is whether the district court erred in subsequently setting aside that default judgment. Appellant Ruby Fisher also asks us to restore the magistrate's award of costs and attorney fees. The issue of whether the magistrate correctly awarded fees to Fisher was not addressed by the district court. For the reasons set forth below, we disagree with the decision of the district court and conclude that the default judgment entered

against Crest should not have been set aside.

On May 17, 1984, Ruby Fisher filed a complaint in the district court of Caribou County, Idaho. She alleged that the defendants, Crest Corporation d/b/a The Last Frontier, R. Craig Christensen and Jared P. Lowe, owed her $3,000 and interest on a promissory note they had executed and delivered to her. On June 5, just before leaving on a month-long vacation, counsel for Lowe filed a notice of appearance and a motion for additional time to file an answer. The motion was granted, giving Lowe until July 5 to respond to the complaint. On July 12 Lowe still had not responded. Complying with I.R.C.P. 55(b)(2), Fisher then notified Lowe that she intended to enter a default against him on July 20. Because Crest had not made any appearance in the action, Fisher caused its default to be entered on July 16. The same day she obtained a default judgment against Crest, all without advance notice to Crest. Counsel who had appeared for Lowe then filed an answer and cross-claim on behalf of both Lowe *and* Crest on July 18. On July 23, counsel moved to have the default judgment against Crest set aside. After hearing oral argument and making written findings, the magistrate denied the motion. An appeal was taken to the district court.[1] The district judge reversed the magistrate's order and set aside the default judgment. Fisher now appeals that ruling.

I

The threshold question we must answer is whether the trial court had acquired personal jurisdiction over Crest when the default judgment was entered. Crest contends that because service upon it in its capacity as a distinct corporate entity was not accomplished, the trial court never acquired personal jurisdiction. This argument is premised on the circumstances surrounding the service of process.

The process server's "return of service" form indicates that he served one copy of the summons and complaint "upon Crest Corporation, d/b/a The Last Frontier, and Jared P. Lowe, by serving Jared P. Lowe at the Last Frontier Trail Motel Office...." Crest argues that this method did not accomplish service upon the corporation. Crest concedes that Lowe was a corporate officer but also notes that he was an individual defendant in the action. The return does not show Lowe's corporate capacity nor does it expressly state that a corporate officer of Crest was served. Moreover, Crest contends that the process server should have delivered two copies of the documents—one for Lowe and one for Crest.[2] This argument has some merit but the point is not decisive.

■ Failure to comply with the rules for service of process may cause a subsequent judgment to be void as to a · particular defendant for lack of personal jurisdiction, or the resulting judgment may merely be erroneous. An erroneous judgment has an effect different from a void judgment and different remedies are available for relief in each case. *See, e.g., Brown's Tie & Lumber Company v. Kirk*, 109 Idaho 589, 710 P.2d 18 (Ct.App.1985); *Cockerham v. Zikratch*, 619 P.2d 739 (Ariz.1980); *Endischee v. Endischee*, 685 P.2d 142 (Ariz.Ct. App.1984). Here, we are concerned only

1. Crest's appeal from the magistrate division was taken without first obtaining a Rule 54(b) certificate of finality. This oversight, which we deemed was critical to the jurisdiction of the district court and our Court on appeal, eventually was corrected.

2. This argument is premised on certain sections of the Idaho Rules of Civil Procedure. Rule 4(d)(1) states that "[t]he plaintiff shall furnish the person making service with *such copies as are necessary.*" (Emphasis added.) Rule 4(d)(2) then distinctly provides for service upon individuals. Finally, Rule 4(d)(4) sets forth the requirements for service upon corporations. This rule provides that service is made upon a corporation "by delivering a copy of the summons and complaint to an officer, managing or general agent, or to any other agent authorized by appointment or statute of this state to receive service of process." Lowe was not only the president of Crest, he was also the agent authorized to receive service upon the corporation. Nevertheless, Crest argues that proper service could not be accomplished unless both party defendants received an individual copy of the summons and complaint.

with whether the judgment was void because personal jurisdiction was not acquired.

■ Fisher has suggested that any defects in the manner of service of process upon Crest have been waived. It is true that lack of personal jurisdiction—unlike a lack of subject matter jurisdiction—may be waived. The lack of subject matter jurisdiction can be raised at any time. *Foster Apiaries, Inc. v. Hubbard Apiaries, Inc.,* 630 P.2d 1213, (Mont.1981). Fisher relies on the fact that the answer filed by Crest did not assert any defense based on lack of jurisdiction over the person, insufficiency of process, or insufficiency of service of process. She contends, therefore, that under I.R.C.P. 12(b) and (h), the defenses have been waived. Generally, that may be true. However, it must be remembered that the default judgment against Crest had already been entered when the joint answer of Crest and Lowe was filed. In cases where a party in default is said to have waived a lack of personal jurisdiction by failure to timely raise the defense in a motion or pleading, that "waiver" does not operate retroactively so as to validate a void judgment. *See, e.g., Phillips v. Incline Manor Association,* 91 Nev. 69, 530 P.2d 1207 (1975); *Pease Brothers, Inc. v. American Pipe & Supply Co.,* 522 P.2d 996 (Wyo.1974). Accordingly, we do not base our decision on any purported waiver of personal jurisdiction.

■ With this in mind we will determine whether the defect in service deprived the court of personal jurisdiction, thereby resulting in a void judgment, or whether the court acquired personal jurisdiction through service of process upon Crest. Crest's argument is technical. The fact that Crest's agent was served is not contested. Jurisdiction to enter a default is based upon the fact of service and, ordinarily, it will not be defeated by a showing of mere ministerial defects in the service or return of service. *See Mason v. Pelkes,* 57 Idaho 10, 59 P.2d 1087, *cert. denied* 299 U.S. 615, 57 S.Ct. 319, 81 L.Ed. 453 (1936); *Call v. Rocky Mountain Bell Telephone Company,* 16 Idaho 551, 102 P. 146 (1909); *Workman v. Brown,* 103 Idaho 945, 655 P.2d 462 (Ct.App.1982).

In cases decided under statutes substantially similar to I.R.C.P. 4(d)(2) and 4(d)(4) New York Courts have concluded that service of a single copy of a summons and complaint upon a defendant corporate officer is effective service upon the defendant corporation, as well as upon the defendant corporate officer—at least where, as in this case, the officer was served personally.[3] *Lakeside Concrete Corp. v. Pine Hollow Building Corp.,* 104 A.D.2d 551, 479 N.Y. S.2d 256 (1984), *aff'd* 65 N.Y.2d 865, 493 N.Y.S.2d 309, 482 N.E.2d 1225 (1985); *Wellington Associates v. Vandee Enterprises Corp.,* 75 Misc.2d 330, 347 N.Y.S.2d 788 (1973); *Lac Leasing Corporation v. Dutchess Aero, Inc.,* 32 A.D.2d 949, 303 N.Y.S.2d 723 (1969); *Port Chester Electrical Company v. Ronbed Corporation,* 28 A.D.2d 1008, 284 N.Y.S.2d 9 (1967).

■ The present case is factually similar. Here, Lowe was Crest's agent for service of process. The record is clear that neither the corporation's officer nor its counsel was misled by the manner that service was made. Based on these reasons, we hold that service of process was adequate to confer jurisdiction over the "person" of Crest. Therefore, the magistrate had authority to enter a judgment by default. Having reached this conclusion, we have no need to address Fisher's arguments that the challenge to personal jurisdiction came too late.

II

■ Because we conclude that the trial court had personal jurisdiction over Crest, we must next determine whether the de-

---

3. The pertinent New York statutes include N.Y. Civ.Prac. L & R 308 and 311 (McKinney 1986). Section 308 states that personal service upon a natural person shall be made by "delivering the summons within the state to the person to be served...." Section 311 separately discusses corporations. It states that personal service upon a corporation shall be made by delivering the summons "upon any ... corporation, to an officer, director, managing or general agent ... or to any other agent authorized by appointment or by law to receive service...."

fault judgment should have been set aside. Crest's motion alleged excusable neglect under I.R.C.P. 60(b)(1) as the ground for setting aside the judgment. Crest bases its argument on the following facts, which we have gleaned from the affidavit of Crest's attorney.[4] In a very few sentences, the affidavit states that the affiant's law firm filed the "Notice of Appearance and Motion and Order for Additional Time to File Answer" on behalf of Lowe. Due to "an oversight," Crest's name "was omitted from the above-mentioned pleadings and an appearance was made only for Jared P. Lowe.... [A]n appearance was intended to be made for Crest Corporation, d/b/a The Lost Frontier." As a result of this omission, Crest failed to "appear" and a default judgment was duly entered. Upon this record, the magistrate denied the motion.

The decision whether to grant a motion to set aside a default judgment under Rule 60(b)(1) is committed to the sound discretion of the trial court, in this case the magistrate division. Such a decision will not be disturbed on appeal absent an abuse of discretion. *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct. App.1983).

■ The requirements for setting aside a default judgment are twofold. First, the moving party must satisfy at least one of the criteria of Rule 60(b)(1); second, he must plead facts which, if established, would constitute a meritorious defense to the action. *Johnson v. Pioneer Title Co.,* 104 Idaho 727, 662 P.2d 1171 (Ct.App.1983). If a trial judge, when ruling on a Rule 60(b)(1) motion, makes findings of fact that are not clearly erroneous, applies the proper criteria under the rules to those facts,

favoring relief in doubtful cases, and reaches a decision that follows logically from application of such criteria to the facts found, then the judge will be deemed to have acted within his sound discretion. *Avondale on Hayden, Inc. v. Hall, supra.* Only where a trial judge makes no findings and states no reasons may an appellate court exercise its own discretion in deciding whether the default judgment should have been set aside. *Johnson v. Pioneer Title Co., supra.* Here, the magistrate did state the facts upon which he relied. He also set out his reasons and legal conclusions. Accordingly, the district court—sitting as an appellate court—was not free to exercise its own discretion in the matter. We are in the same position. We are constrained to apply the *Avondale* standard as we review the record that was before the magistrate, independently of the district court decision. *Seitz v. Stecklein,* 111 Idaho 364, 723 P.2d 908 (Ct.App.1986).

■ We do not quarrel with the magistrate's fact-finding. Nor can we say that he applied improper criteria to the facts found. Finally, though we may have reached a different result had we been in the position of the trial court, we cannot say that the magistrate's decision fails to flow logically from the application of these criteria to the facts found. Based on our review of the record, we cannot hold that the trial judge abused his discretion in finding that the neglect of Crest's attorneys was not excusable.

The magistrate had only a vague and conclusory affidavit on which to base his decision. Counsel nowhere specified what particular acts of mistake, inadvertence or excusable neglect caused the defect in the notice of appearance. Who made the "mis-

---

**4.** Only one affidavit was filed with the motion. Two other affidavits were subsequently filed, but not until four days after the hearing. The magistrate refused to consider them in ruling on the motion. Rule 6(d), I.R.C.P., states that affidavits *shall* be served along with any motion that they support. Some cases interpreting Rule 6(d) have held that its language leaves no room for judicial discretion. *See Canning v. Star Publishing Company,* 19 F.R.D. 281 (D.Del.1956); *CIA. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.,* 754 F.2d 404 (1st Cir.1985). Other courts

have determined that the mandate of Rule 6(d) is not absolute, and they leave the decision to allow late-filed affidavits to the discretion of the trial court upon motion of the party seeking to file the late affidavits. *Big Canoe Corporation v. Williamson,* 169 Ga.App. 179, 308 S.E.2d 440 (1983); *see also Bennett v. Bliss,* 103 Idaho 358, 647 P.2d 814 (Ct.App.1982) (decided under I.R.C.P. 56(e)). We conclude that even under the more liberal reading of the rule, it was no abuse of discretion for the magistrate to disregard the late-filed affidavits.

take" or how it was made is not shown. The trier of fact was left to infer what might have transpired. Therefore, while we are mindful that we must apply a standard of liberality in reviewing a motion to set aside a default judgment, *Gro-Mor, Inc. v. Butts*, 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985), we can by no means hold that the magistrate here abused his discretion in refusing to set the judgment aside. There is simply not enough information presented to determine whether the conduct alleged was that of the type expected from a reasonably prudent person under the circumstances—the standard to be applied under Rule 60(b)(1). *Id.* Where it is shown only that the mistake and inadvertence are the result of mere carelessness, relief from the judgment is not justified. *Pullin v. City of Kimberly*, 100 Idaho 34, 592 P.2d 849 (1979); *Nelson v. McGoldrick Lumber Company*, 30 Idaho 451, 165 P. 1125 (1917).

■ As we have noted, a party moving to set aside a default judgment must show that he has a meritorious defense. The defense, whether set forth in an affidavit or proposed responsive pleading, must go beyond the mere notice requirements that would be sufficient if pled before default. "Factual details must be pled with particularity." *Hearst Corporation v. Keller*, 100 Idaho 10, 12, 592 P.2d 66, 68 (1979). Recently our Supreme Court reiterated the long-standing rule that "a party alleging fraud must plead the factual circumstances constituting fraud with particularity." *Galaxy Outdoor Advertising, Inc. v. Idaho Transportation Department*, 109 Idaho 692, 696, 710 P.2d 602, 606 (1985); I.R.C.P. 9(b). Because we hold that Crest has failed to establish excusable neglect, we need not engage in a detailed discussion of Crest's answer. We note only that if it were held to the standard of pleading required in *Galaxy* the allegations would be insufficient.

### III

■ Finally, Crest argues that Fisher failed to file an affidavit verifying attorney fees as required by Rule 54(e)(5), making the magistrate's grant of fees erroneous. Fisher's complaint contained a prayer for a stated amount of attorney fees, prejudgment interest and costs of suit. Thus, the dollar amount of requested fees was pled as required by I.R.C.P. 54(e)(4). In an "Affidavit and Application for Entry of Default" filed July 16, 1984, Fisher's attorney requested entry of a default judgment against Crest and swore to a list of general sums owed to Fisher. The default judgment was entered the same day. Fisher's attestation in the affidavit is sufficient verification to meet the requirements of Rule 54(e)(5). Consequently, we uphold the magistrate's award of costs and attorney fees to Fisher.

The district court's order is reversed, and the case is remanded for reinstatement of the default judgment. Costs to appellant Fisher. No attorney fees on appeal.

WALTERS, C.J., concurs.

BURNETT, Judge, dissenting.

When asked to grant relief from a default judgment, a court must weigh the goals of judicial efficiency and substantive justice. Regrettably, in the present case, our judicial system has achieved neither efficiency nor justice.

This is a straightforward debt collection suit against a corporation and two individual defendants. It has been on appeal since August, 1984, when a magistrate refused to grant relief from a default judgment against the corporation. Since that time the plaintiff has clung tenaciously to the judgment, obtaining no adjudication of her claim against the individuals. For two and one-half years, the sole issue pending in the district court and in our court has been whether to set aside the default judgment and to examine the merits of the plaintiff's claim against all defendants. Finite judicial resources, as well as the time and money of the litigants, would have been allocated more efficiently if the magistrate originally had set aside the judgment, scheduling the case promptly for trial and imposing a monetary sanction against the corporation's attorney for his delay in filing an answer.

Indeed, this would have been the result if the case had been decided before 1975. As many practitioners will recall, the Legislature in that year repealed a statute, I.C. § 5–905, which mandated relief from any default caused solely by an attorney's neglect. The statute authorized sanctions to be imposed against the lawyer. Although the statute may have been criticized in some quarters as an infringement upon judicial discretion, I think it embodied sound jurisprudence and common sense. The statute recognized that lawyers are more than agents of litigants; they are officers of the courts. When attorneys neglect their work they not only disserve their clients, they also bring discredit to the judicial system. If the system exists to serve people and to do justice, it should not treat attorney neglect merely as a client's misfortune. It should do as the statute did—preserve the client's interests and vindicate the integrity of the system by placing the cost of attorney neglect squarely on the attorney himself.

When a monetary sanction is imposed as a condition for setting aside a default judgment, the public and private costs of delay are borne directly by the lawyer at fault. The court need not slap an innocent client with a judgment regardless of the merits, leaving the client with a Hobbesian choice of suffering in silence or of making a distasteful claim against his own lawyer.[5] Punishing the client for a default caused solely by an officer of the court is crude, shortsighted and profoundly unfair.

Such an outcome is especially inappropriate here. This is not a case where the client has exhibited indifference to the litigation. *Compare Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983) (defendant took no action for three months in response to lawsuit). Nor is it a case where grossly excessive delay has generated a presumption of prejudice to the opposing party. *Cf. Nagel v. Wagers,* 111 Idaho 822, 727 P.2d 1250 (Ct.App. 1986) (lack of prosecution for nineteen months justified dismissal of action under I.R.C.P. 41(b)). To the contrary, the corporation here acted promptly. According to counsel's unrefuted affidavit, the corporation, acting through its president Jared Lowe, requested legal representation in the suit. Counsel entered an appearance less than twenty days after process had been served. Due to counsel's admitted "oversight," the appearance referred only to Lowe individually. The court granted a thirty-day extension of time to file an answer, signing a proffered order that again mistakenly failed to mention the corporation. Forty-two days later, counsel filed his answer on behalf of both clients. Unfortunately, the answer came two days after a default judgment had been entered against the corporation. Upon learning of the judgment, counsel moved immediately for relief.

These time frames reflect delay but they do not suggest—and plaintiff has never contended—that any unfair prejudice would have resulted if the magistrate had set aside the default judgment and proceeded directly to the merits of the suit. Rather, the magistrate denied relief on other grounds. He held that counsel had been "careless" and that "carelessness" was not a form of "mistake, inadvertence ... or excusable neglect" for which relief could be granted under I.R.C.P. 60(b)(1). My colleagues today have adopted the same reasoning.

I submit that the scope of Rule 60(b)(1) is obscured, not clarified, by postulating a broad exception based upon the malleable notion of "carelessness." What, exactly, does "carelessness" mean? Upon what *principled* and *predictable* basis can it be differentiated from mistake, inadvertence or excusable neglect? In the present case, why should counsel's oversight in omitting the corporation from the pre-answer pleadings be characterized as "carelessness" rather than as a mistake, as inadvertence or as excusable neglect? It could be any of

---

**5.** Many lawyers will voluntarily compensate clients for the consequences of a default judgment. But some will not. In any event, there may be disagreement about the actual loss occasioned by a lawyer's neglect—producing a "lawsuit within a lawsuit" on the merits of the initial litigation.

these. The choice of a label that denies relief is arbitrary and result-oriented.[6]

The unfortunate demise of I.C. § 5–905 has left us without a clearly defined policy in cases where defaults are caused by attorney neglect. *See Marano v. Dial,* 108 Idaho 680, 701 P.2d 300 (Ct.App.1985) (dissenting opinion). Absent statutory guidance, I believe we should adhere to the long-standing principle that "in doubtful cases, relief should be granted to reach a judgment on the merits." *Avondale,* 104 Idaho at 326, 658 P.2d at 997. *See also, e.g., Stoner v. Turner,* 73 Idaho 117, 247 P.2d 469 (1952); *Orange Transportation Company, Inc. v. Taylor,* 71 Idaho 275, 230 P.2d 689 (1951). This principle is undermined by arbitrarily characterizing an attorney's conduct as mere "carelessness" and using that semantic device to strip a hapless client of protection otherwise available under Rule 60(b)(1).

I do not condone counsel's neglect in this case. But I would not punish his client for it. I would hold that the magistrate misapplied the criteria of Rule 60(b)(1) and thus abused his discretion in refusing to set aside the default judgment.[7] On remand I would direct the magistrate to grant relief from the judgment upon condition that the corporation's counsel pay the costs (including reasonable attorney fees incurred by

plaintiff) of proceedings on the default issue in the magistrate division.

---

**6.** I acknowledge that other courts have employed the term "carelessness" in denying relief under Rule 60(b). But they have not undertaken to define it. In fact, many have used the term in contexts wholly dissimilar to the present case. For example, *Pullin v. City of Kimberly,* 100 Idaho 34, 592 P.2d 849 (1979), a case cited by the magistrate and by the majority today, did not involve a default judgment at all. Rather, the plaintiffs in *Pullin* sought to set aside an adverse judgment entered after a trial. They asserted unsuccessfully that a material new fact had been discovered. In *Nelson v. McGoldrick Lumber Co.,* 30 Idaho 451, 165 P. 1125 (1917), another cased cited by the majority, the defendant appeared and filed a timely demurrer to a complaint. The demurrer was denied. The defendant then was dilatory in filing a more detailed answer. Judgment was entered after ten months had elapsed. Although the judgment was termed a "default" judgment, the circumstances bore little resemblance to facts before us today. Rather, the judgment in *Nelson* was more akin to modern sanctions for noncompliance with discovery and for other misconduct resulting in delay. In such cases the term "care-

lessness" carries a connotation of indifference toward, or conscious disregard of, court orders. *See, e.g., C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202 (7th Cir.1984); *International Corporate Enterprises, Inc. v. Toshoku Ltd.,* 71 F.R.D. 215 (N.D.Texas 1976); *Frank v. New Amsterdam Casualty Co.,* 27 F.R.D. 258 (E.D.Pa.1961). "Carelessness" in this sense is a far cry from counsel's conduct in the present case.

**7.** A defendant seeking relief from a default judgment must assert a meritorious defense. The majority today does not discuss this requirement because it finds that Rule 60(b)(1) has not been satisfied. Extended discussion on my part would serve no purpose here. Suffice it to say that the corporation and Lowe have alleged that the plaintiff's action is predicated upon a promissory note obtained by fraud. Although the pleading is not a model, it does set forth facts which, if true and if viewed in light of permissible inferences, would constitute a defense to the action. *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979).